FILED
2015 Nov-06 PM 12:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| MADISON COUNTY SHERIFF BLAKE DORNING; MADISON COUNTY, ALABAMA; STEVE MORRISON; CHRISTINE COLLIER; VANESSA FIELDS; NICK WALLACE; ROSLYN GUYTON; and RANDY HOOPER<br><br>PLAINTIFFS,<br><br>v.<br><br>ESSEX INSURANCE COMPANY; ADVANCED CORRECTIONAL HEALTHCARE, INC.; and FICTITIOUS DEFENDANTS 1-10<br><br>DEFENDANTS. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.<br>_____ |

## NOTICE OF REMOVAL

COME NOW Defendants Essex Insurance Company and Advanced Correctional Healthcare, Inc. and give notice, with full reservation of all defenses, that this cause is hereby removed from the Circuit Court of Madison County, Alabama to the United States District Court for the Northern District of Alabama, Northeastern Division. As grounds for its Notice of Removal, Defendants show the following:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to the removal of cases. See 28 U.S.C. § § 1441(b), 1446(b). This action involves an insurance coverage dispute between the Plaintiffs and Essex Insurance Company and a contract dispute between the Plaintiffs and Advanced Correctional Healthcare, Inc. Plaintiffs' allegations for defense costs and indemnification stem from three underlying civil actions pending in federal court.

2. On October 2, 2015, Plaintiffs filed this civil action, number CV-2015-901813 in the Circuit Court of Madison County, Alabama, against Essex Insurance Company ("Essex"), Advanced Correctional Healthcare, Inc. ("ACH") and Fictitious Defendants 1-10. A true and correct copy of the Summons and Complaint, set out as Exhibit A attached hereto, and copies of all other process, pleadings and orders filed in the case are attached hereto as Exhibit B. ACH was served on October 7, 2015. Essex was served on October 13, 2015. Upon information and belief, no fictitious Defendants referenced in the Complaint have been served.

3. The three underlying civil actions Plaintiffs' allegations are:

> (1) *Carolyn Jefferson, as the personal representative of the Estate of Tanisha Jefferson v. Madison County, Alabama et al.*, case no. 5:14-cv-01959-AKK, pending in the United States District Court for the Northern District of Alabama, Northeastern Division("*Jefferson* action");

(2) *Tanyetta Woods, as the personal representative of the Estate of Deundrez Woods v. Madison County, Alabama; et al.*, case no. 5:14-cv-01964-IPJ, pending in the United States District Court for the Northern District of Alabama, Northeastern Division("*Woods* action");

(3) *Robert Elliott, as the personal representative of the Estate of Nikki Listau v. Madison County, Alabama; et al.*, case no. 5:14-cv-1309-CLS, pending in the United States District Court for the Northern District of Alabama, Northeastern Division ("*Listau* action").

4. Exhibit C to this Notice of Removal is true and correct copies of the First Amended Complaint in the *Jefferson* action, the First Amended Complaint in the *Woods* action and the Second Amended Complaint in the *Listau* action.

5. Plaintiffs' Complaint on its face did not provide a determinable amount of damages. However, this Court has jurisdiction over this cause and it is removable based on the allegations in the Complaint and references to the underlying civil actions contained therein.

6. As more fully set out below, this case is properly removed to this Court under 28 U.S.C. § 1441 because this Court has jurisdiction over this matter under 28 U.S.C. § 1332(a) as complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## I. DEFENDANTS' NOTICE OF REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(b)(3).

7. The time period for the removal of cases under the Federal removal statute is 30 days from the date when the initial pleading is served.

8. The United States Code provides:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . .

9. The time period for removal in this case begins when the Initial pleading was served on the last named Defendant. *Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202 (11th Cir. 2008). Essex was served last on October 13, 2015. Thirty days have not elapsed since the date this Notice of Removal was filed.

10. For these reasons, this Notice of Removal is timely filed.

## II. COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PLAINTIFFS AND DEFENDANTS

11. According to the Complaint, Plaintiff Madison County Sheriff Blake Dorning is a resident of Madison County, Alabama and a constitutionally elected officer of the state of Alabama.

12. Furthermore, according to the Complaint, Plaintiff Madison County, Alabama is a public corporation with its principal place of business in Huntsville, Alabama.

13. In the Complaint, individual Plaintiffs Steve Morrison, Christine Collier, Vanessa Fields, Nice Wallace, Roslyn Guyton and Randy Hooper are all individuals residing in Madison County, Alabama.

14. Defendant Essex Insurance Company is a Delaware corporation with its home office in Delaware and its principal administrative office in Virginia.

15. Defendant Advanced Correctional Healthcare, Inc. is an Illinois corporation with its principle place of business in Illinois.

16. Plaintiffs' Complaint refers to a number of fictitious Defendants. The fictitious Defendants' citizenships are ignored for removal purposes.

17. Therefore, complete diversity of citizenship exists between the parties for purposes of 28 U.S.C. § 1332(a).

## III. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATIFIED.

18.   The amount-in-controversy requirement for diversity jurisdiction has been met as it is facially apparent from the Plaintiffs' Complaint that the claims probably exceed $75,000.

19.   In cases where a plaintiff has not specifically indicated an amount-in-controversy in its complaint, the district courts can appraise the amount-in-controversy making reasonable deductions, inferences and other extrapolations "from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744 (11th Cir. 2010)). "When a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate." *Id.* at 1064.

20.   Furthermore, in cases where plaintiffs request a declaratory judgment, the amount-in-controversy is determined by the value of the object of the litigation from the plaintiff's viewpoint. *Ericsson GE Mobile Communications, Inc. v. Motorola Communications & Electronics, Inc.*, 120 F.3d 216, 220 (11th Cir. 1997). Further,

as long as one Plaintiff has an amount against the Defendants over $75,000, the Federal Court also has subject matter jurisdiction over any other Plaintiff whose claims may not reach $75,000. *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546 (2005).

21. Plaintiffs' Complaint requests a judicial determination as to: (1) whether Essex has an obligation to defend and indemnify Plaintiffs in the underlying civil actions; (2) whether ACH must pay all costs associated with the underlying civil actions; (3) whether ACH must indemnify and hold harmless Plaintiffs; and, (4) whether ACH had an obligation to procure and maintain insurance for Plaintiffs. Further, Plaintiffs allege the tort of bad faith against Essex based on its alleged refusal to defend and indemnify the claims in the underlying civil actions. Plaintiffs allege breach of contract, indemnification, fraud, and promissory estoppel based on alleged refusal to defend and indemnify Plaintiffs in the underlying civil actions. (Ex. A).

22. Each of the three underlying cases in which the allegations in Plaintiffs' Complaint are based on the death of inmates at Madison County Jail. The underlying civil actions allege violations of 42 U.S.C. § 1983 and negligence/wantonness claims. Although these underlying civil actions also do not allege a specified monetary damage amount, each underlying civil action requests compensatory

damages, punitive damages, interest, attorney's fees, expert witness fees, declaratory/injunctive relief and any other relief the plaintiffs in those suits are entitled. (Exh. C). Without waiving any defense in the underlying civil actions or admitting to any of the allegations and prayers for damages recounted therein, the underlying civil actions represent a potential for recovery over $75,000 in each of the three underlying civil actions.

23.     Without waiving any defenses and denying each and every material allegation of Plaintiffs' Complaint, all claims against both defendants stem from the question of indemnification of defense and any settlement or judgment of the underlying civil actions which clearly have the potential to cost in defense costs and possible settlement or judgment over $75,000.  In addition to the value of alleged defense costs and potential settlement or judgment due to the underlying civil actions, Plaintiffs allege against both Defendants causes of action, bad faith, fraud, contract claims and punitive damages.  These causes of action only add to the value alleged against both Defendants by all Plaintiffs.

24.     Based on the facially apparent damages in the Complaint, common sense and reasonable inference, Essex and ACH have met their burden as to the amount-in-controversy to establish diversity jurisdiction under 28 U.S.C. § 1332.

## IV. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

25. A written Notice of Filing of Notice of Removal, together with a copy of this Notice, will be filed with the Clerk of Court of the Circuit Court for Madison County, Alabama, and will be served upon the Plaintiffs, as required by 28 U.S.C. § 1446(d).

26. The sole named Defendants Essex and ACH have filed this Notice of Removal.

27. No previous application has been made for relief requested herein, and this Notice of Removal has been served on all named parties to the removed case.

28. If any question arises as to the propriety of the removal of this action, Essex and ACH request the opportunity to present a brief and oral argument in support of its position that this case is removable.

## V. CONCLUSION

WHEREFORE, Defendants Essex and ACH, desiring to remove this case to the United States District Court for the Northern District of Alabama, Northeastern Division, being the district and division of said Court for the County in which said

action is pending, pray that the filing of this Notice of Removal with the clerk of the Circuit Court of Madison County, Alabama shall effect the removal of said suit to this Court.

/s/ Lane Finch
F. LANE FINCH, JR.
ASB-0027-I58F
BRIAN C. RICHARDSON
ASB-5241-H14U
Attorneys for Essex Insurance

**OF COUNSEL:**
SWIFT, CURRIE, MCGHEE & HIERS, LLP
2 North Twentieth Street, Suite 1405
Birmingham, AL 35203
lane.finch@swiftcurrie.com
brian.richardson@swiftcurrie.com

/s/ Robert E. Cooper
Robert E. Cooper
ASB-8236-C60R
Attorney for Advanced
Correctional Healthcare, Inc.

OF COUNSEL:
WHITE ARNOLD & DOWD P.C.
2025 Third Avenue North
Suite 500
Birmingham, Alabama 35203
rcooper@whitearnolddowd.com