# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | | |
|---|---|---|
| **MADISON COUNTY SHERIFF BLAKE DORNING;** *et al.***,** | ) ) | |
| PLAINTIFFS, | ) ) | Civil Action No. 5:15-cv-01997-HGD |
| v. | ) ) | |
| | ) | OPPOSED |
| **ESSEX INSURANCE COMPANY;** *et al.***,** DEFENDANTS. | ) ) | |

## MOTION TO COMPEL DISCOVERY RESPONSES FROM SHERIFF BLAKE DORNING

Plaintiff Evanston Insurance Company (formerly known as Essex Insurance Company) moves the Court for an Order directing Plaintiff Sheriff Blake Dorning to fully respond to Evanston's interrogatories. In support of its motion, Evanston informs the Court:

### BACKGROUND

1. This case arises from a May 1, 2012 "Healthcare Services Agreement" between Madison County, Sheriff Dorning, and from Advanced Correctional Healthcare, Inc. ("ACH") where ACH agreed to procure insurance providing coverage for claims "including professional liability, negligence, and claims asserted pursuant to 42 U.S.C. § 1983 ..., insuring all claims that may arise out of the course and scope of this agreement." Additionally, ACH agreed that the

1

County and Sheriff Dorning would be additional insureds on the ACH insurance policies.  During the time this Agreement was in force, four cases were filed against Madison County, Sheriff Dorning, and ACH.  Those four actions are identified in the Second Amended Complaint as the *Listau*, *Jefferson*, *Woods*, and *Foster* actions (referred to collectively as "the Underlying Actions "). *See, e.g.*, Second Am. Compl.,  Doc 28 at p. 11.

2. Generally, complaints in the Underlying Actions allege that Madison County[1] and ACH[2] breached their duties to inmates to provide appropriate medical treatment. The complaints also allege the defendants were, in essence, conspirators in a plan to delay or deny necessary medical care to inmates.  The theme of the Underlying Actions is summed up in paragraph 62 of the *Listau* complaint, which states "these constitutionally-deficient policies and practices regarding inmate medical care were created and implemented by the agreement between Madison County, Dorning, and ACH."  Paragraph 74 of the *Listau* complaint alleges, "All defendants acted jointly and in concert with each other." ***It is important to note that the Underlying Actions also allege claims against Madison County and Sheriff Dorning based on their own actions.***  *See, e.g.*, *Listau* Action at ¶¶ 55-60, 73, and 80.

---

[1] Including Sheriff Dorning, jail administrator Steve Morrison, and various correctional officers.
[2] Including its medical director and various healthcare personnel.

3. The instant action makes the following claims against Evanston and ACH:

- Bad faith against Essex;
- Breach of Contract against ACH;
- Indemnification from ACH;
- Fraud against ACH; and
- Promissory Estoppel against ACH.
- Suppression against ACH.

## DEFICIENT DISCOVERY RESPONSES

4. On June 30, 2016, Evanston propounded its First Interrogatories on Sheriff Dorning. While Sheriff Dorning responded, those responses were deficient. That response is attached as Exhibit A.

5. To address that deficiency, Evanston wrote to Plaintiffs' counsel on October 21, 2016 pursuant to Fed. R. Civ. P. 37. *See* Exhibit B. That Rule 37 letter also pointed out that the plaintiffs failed to produce any insurance agreements as required by Fed. R. Civ. P. 26.

6. To date, Sheriff Dorning has failed and refused to produce copies of any of his insurance policies.

**Interrogatory No. 2**

7. Sheriff Dorning bases his claim, in part, on the allegation that "[Evanston] treated the County and Sheriff Dorning as Named Insureds … over the years by defending and indemnifying the County and Sheriff Dorning from the same or substantially similar claims to those asserted in the Listau, Jefferson, Woods and Foster actions." Doc. 28, ¶¶ 33. Thus, Evanston asked Sheriff Dorning in Interrogatory No. 2 to: "Identify by claimant's name, date, case title and court, all of 'the same or substantially similar claims' against which you contend Essex defended and indemnified you 'over the years,' as alleged in Doc. 28, ¶¶ 33, 49."

8. Sheriff Dorning inappropriately responded to Interrogatory No. 2 with "Pursuant to FRCP Rule 33(d) Plaintiffs direct Essex to its own records of previously providing coverage for similar claims."

9. Rule 33(d) allows a party to respond to an interrogatory by identifying business records from which the answer to the interrogatory may be derived so long as "the burden of deriving or ascertaining the answer will be substantially the same for [the party serving the interrogatory as for the party served]." Rule 33(d), Fed. R. Civ. P.

10. To closely paraphrase *Mullins v. Prudential Ins. Co. of America*, 267 F.R.D. 504, 514 (W.D. Ky. 2010), *United States, ex rel. Englund v. Los*

*Angeles County*, 235 F.R.D. 675, 680–81 (E.D. Cal. 2006), and *Morock v. Chautauqua Airlines, Inc.*, 2007 WL 4247767, at *2 (M.D. Fla. Dec. 3, 2007):

> Federal Rule 33(d) is not a procedural device for avoiding the duty to provide information in response to an interrogatory. If the information sought is contained in the responding party's files and records, he or she is under a duty to search the records to provide the answers. But where information is contained in business records and answering the question would require the responding party to engage in burdensome or expensive research, the responding party may answer by specifying the records from which the answer may be obtained and making them available for inspection by the party seeking discovery. A party who seeks to rely upon the Rule must not only certify that the answer may be found in the records referenced by it, but also must specify where in the records the answers can be found.
>
> Reliance on Rule 33(d) is appropriate when the interrogatory requests objective facts that are obvious from the specified documents, but is generally inappropriate when the interrogatory asks a party to state its contentions or to state facts supporting its allegations. Rule 33(d) is well-suited to reply to inquiries of an intensely objective nature, but was inappropriate where the interrogatories pose questions of fact or mixed questions of law and fact which require the exercise of particular knowledge and judgment on the part of the responding party. Documents themselves rarely, if ever, reveal contentions of fact or law.
>
> Rule 33(d) was intended to be used in the situation where an interrogatory makes broad inquiries and

> numerous documents must be consulted to ascertain facts, such as identities, quantities, data, action, tests, results, etc.
>
> Contention interrogatories or interrogatories requesting statements of fact do not lend themselves to answer by use of Rule 33(d). Where interrogatories asked a party to "state the facts" supporting various allegations, resorting to Rule 33(d) is inappropriate.
>
> By referencing documents rather than stating its position in a narrative, the respondent is essentially asking the requesting party to read its mind and guess at the respondent's position regarding key allegations in the complaint. Only the responding party can identify its own contentions and the burden on the requesting party to try and divine respondent's contentions from documents obviously imposes a greatly unequal burden on requesting party.

11. Reference to the complaint in response to a question such as "[d]escribe in detail each act or omission on the part of any party to this lawsuit that you contend constituted negligence" is improper. *Morock*, 2007 WL 4247767 at *2, citing *Hawn v. Shoreline Towers Phase I Condominium Ass'n, Inc.*, 2007 WL 2298009 (N.D. Fla. 2007) ("[I]t is insufficient to answer an interrogatory by merely referencing allegations of a pleading.").

**Interrogatory No. 6**

12. In interrogatory No. 6, Evanston sought the factual basis for Sheriff Dorning's breach of contract and bad faith claims against it: "State

6

with specificity every fact you contend supports your allegation at Doc. 28, ¶ 50, that: '[Evanston Insurance] ... wrongfully [denied] coverage' and '[Evanston Insurance] ... [acted] in bad faith' and identify every person who has knowledge of the facts."

13. Sheriff Dorning stated a number of inappropriate objections, rather than simply providing any information about the factual basis for his claims against Evanston. He objected claiming the interrogatory calls for information protected or privileged because:

- The information is subject to the attorney/client privilege;

- The information prepared in anticipation of litigation or in anticipation for trial;

- The information is Attorney Work Product;

- The information is confidential or proprietary in nature;

- And, the information is protected by or "any other privilege."

14. Admittedly, certain communications between attorney and client are privileged. Evanston does not seek to know what those conversations were. ***Facts themselves are not privileged***; ***that is what the interrogatory seeks***. *United States v. Davita, Inc*., 301 F.R.D. 676, 683 (N.D. Ga. 2014), on reconsideration in part, No. 1:07-CV-2509-CAP-JSA, 2014 WL 11531065 (N.D. Ga. May 21, 2014) (the privilege applies to the communication, … but not to the facts themselves."); also citing *Oasis Int'l Waters, Inc*. v. U.S., 110 Fed. Cl. 87, 99 (2013) ("Underlying

facts ... are independently discoverable, but the facts that a client included in a request for legal advice to assist the attorney in providing legal services are privileged in the context of an attorney-client communication."). Likewise, stating the phrase "work product" is not relieve Sheriff Dorning of his obligation to disclose any facts supporting his claims. *See e.g., Dunkin' Donuts Inc. v. Mary's Donuts, Inc.*, 206 F.R.D. 518, 521 (S.D. Fla. 2002)("Defendants seek only the facts supporting plaintiffs' claim ..., which is not privileged from discovery as work product").

15.   Sheriff Dorning must disclose the facts themselves and, to the extent he claims privilege, he must provide a privilege log. *Davita*, Inc., 301 F.R.D. at 684 (a "privilege log has become an almost universal method of asserting privilege under the Federal Rules"); citations omitted.

> Rule 26 requires that [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

*Davita*, citing Fed. R. Civ. P. 26(b)(5).

16.   The claim of confidentiality is suspect. It is hard to conceive how the factual basis for Sheriff Dorning's claim could be confidential.

17. Of course the "any other privilege" objection is ineffective.

18. The only thing close to a "fact" listed in response is the conclusionary statement "[Evanston] has denied coverage previously provided without any legitimate basis." Not only is that a conclusion rather than a fact, the answer is circular. The factual basis for Sheriff Dorning's claim that Evanston wrongfully denied coverage and acted in bad faith is "[Evanston] has denied coverage previously provided without any legitimate basis."

19. As to witnesses to the alleged wrongful denial of coverage and bad faith, Sheriff Dorning generically says "Employees of [Evanston] involved in the claims decision would possess knowledge of the claim denial along with the parties to this case." That is a speculative response and indicates that the reality probably is that Sheriff Dorning is unaware of any witnesses who support his position. If so, he should be required to clearly state that. If not, he should be required to clearly identify the witnesses who have knowledge of the pertinent facts supporting his claims against Evanston.

**Interrogatory No. 14**

20. Interrogatory No. 14 requested that Sheriff Dorning identify, specifically and separately, each allegation in the "*Listau*, *Jefferson*, *Woods*, and *Foster* complaints ... that [you contend] triggered coverage for [you] under the Policy," as alleged in the Second Amended Complaint at paragraph 65.

21. His response was a series of objections, followed by "see respective complaints." Those objections were:

- The information is subject to Attorney/client privilege;
- The information is protected by the Attorney Work Product Doctrine;
- The information is confidential or proprietary in nature;
- And the information is protected by "[A]ny other privilege."

22. Evanston is entitled to know which allegations within each of the underlying complaints Sheriff Dorning contends trigger coverage under the Evanston Policy.

23. The burden of presenting evidence of a covered claim is on the insured. *Universal Underwriters Ins. Co. v. Stokes Chevrolet, Inc.*, 990 F.2d 598 (11th Cir. 1993). Therefore, discovery requesting that evidence is certainly appropriate and the interrogatory answer by Sheriff Dorning fails to supply any evidence of a covered claim. If Sheriff Dorning has such evidence, the Court should compel him to produce that evidence at this time.

24. For the reasons articulated at paragraphs 14 through 17, above.

**Interrogatory No. 15**

25. Interrogatory No. 15 reads:

> State with specificity every fact you contend support the allegation at Doc. 28, ¶ 68, that "Essex has breached the contract because it failed to assume the defense of the referenced complaints and indemnify

[you] and otherwise provide coverage under the Policy" and identify every person who has knowledge of the facts stated.

26. Sheriff Dorning stated a number of inappropriate objections, rather than simply providing any information about the factual basis for his claims against Evanston. He objected claiming the interrogatory it calls for information:

- subject to the attorney/client privilege;
- prepared in anticipation of litigation or in anticipation for trial;
- or the Attorney Work Product Doctrine;
- which is confidential or proprietary in nature; and
- or any other privilege.

27. Again, it is the insured's burden to prove breach of the insurance contract.  Thus, Evanston's interrogatory is appropriate as it requests the facts which the county contends support their breach of contract allegation.  The privilege is asserted do not shield the facts.

28. Again, Sheriff Dorning's objections are inappropriate and are ineffective to shield the facts from production.

## **CONCLUSION**

29. As this Court well knows, Fed. R. Civ. P. 37 provides guidance on how to resolve discovery disputes and the Court's options when a party fails to properly respond to discovery.

30. ***Sheriff Dorning has not provided substantive, or full and complete, answers to Evanston's interrogatories regarding the factual basis and identity of witnesses supporting his breach of contract and bad faith claims against Evanston.***

WHEREFORE, Evanston Insurance Company asks this Court for an Order directing Sheriff Dorning to fully respond to Interrogatory Nos. 2, 6, 14, and 15 of Evanston Insurance Company's First Interrogatories within 10 days, or such other time as the Court deems appropriate; and granting such other and further relief as the Court deems appropriate under the circumstances.

RESPECTFULLY SUBMITTED,

Dated: November 14, 2016            /s/ *Lane Finch*
F. LANE FINCH, JR.
(ASB-0027-I58F)
BRIAN C. RICHARDSON
(ASB-5241-H14U)
*Attorneys for Evanston Insurance Company*

**OF COUNSEL:**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
2 Twentieth Street North, Suite 1405
Birmingham, AL 35203
Telephone: (205) 314-2401
Facsimile: (205) 244-1373
lane.finch@swiftcurrie.com
brian.richardson@swiftcurrie.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 14, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of filing to all attorneys of record.

   Matthew B. Reeves
   MAYNARD, COOPER & GALE, PC
   655 Gallatin Street, SW
   Huntsville, AL 35801

   J. Jeffrey Rich
   Madison County Attorney
   MADISON COUNTY, ALABAMA
   100 Northside Square, 7th Floor
   Huntsville, AL 35801

   Robert E. Cooper
   WHITE, ARNOLD & DOWD, PC
   2025 Third Avenue North, Suite 500
   Birmingham, AL 35203


                              /s/ *Lane Finch*
                              OF COUNSEL

3304355v.1