
FILED
2016 Nov-14 PM 03:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | |
|---|---|
| MADISON COUNTY SHERIFF BLAKE DORNING, et al., ) ) ) | |
| Plaintiffs, ) ) ) | |
| v. ) | CASE NO.: 5:15-cv-01997-HGD |
| ) ESSEX INSURANCE COMPANY, ) et al., ) ) | |
| Defendants. ) | |

## PLAINTIFF SHERIFF BLAKE DORNING'S ANSWERS TO ESSEX INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES

COMES now the Plaintiff, Sheriff Blake Dorning, in the above styled cause and for answers to Defendant Essex Insurance Company's first interrogatories states as follows:

### GENERAL OBJECTIONS

All general objections are incorporated into specific responses below where indicated. Any objection or lack of objection to any of defendant's discovery requests should not be deemed an admission that plaintiff has the information sought by a particular discovery request.

A. Plaintiff objects to defendant's discovery requests to the extent that they do not conform to the Federal Rules of Civil Procedure.

B. Plaintiff objects to defendant's discovery requests to the extent that the information/documents called for, if any, were obtained and prepared in anticipation of litigation or for trial, and plaintiff has made no showing that he has substantial need for the information/documents in the preparation of his case and that he is unable without undue

1

hardship to obtain a substantial equivalent of the information/documents by some other means. Plaintiff further objects to defendant's discovery requests to the extent that the information/documents called for, if any, are privileged and are not discoverable under Federal Rule of Civil Procedure 26(b)(3) and *Hickman v. Taylor*, 329 U.S. 495, 67 S. Ct. 385, 91 L. Ed. 451 (1947).

      C.      Plaintiff objects to defendant's discovery requests to the extent that they seek information protected by the attorney/client privilege or any other privilege or immunity.

      D.      Plaintiff objects to defendant's discovery requests to the extent that they purport to seek confidential or proprietary information, or information otherwise inappropriate for public disclosure, prior to entry of an order of confidentiality.

      E.      Plaintiff objects to defendant's discovery requests to the extent that they purport to set an unreasonable and unduly burdensome time for the responses thereto. Plaintiff will respond as indicated herein, or provide such responses at a time mutually agreeable to plaintiff and to defendant, or as otherwise ordered by the Court.

      F.      Plaintiff objects to defendant's discovery requests to the extent that they seek irrelevant, inadmissible information and/or information that is not reasonably calculated to lead to the discovery of admissible evidence. Any information and/or document supplied by plaintiff in response to any discovery request of defendant does not constitute an admission by plaintiff that such information/document is relevant to the issues in this lawsuit, or is admissible at trial.

      G.      Plaintiff objects to defendant's discovery requests to the extent that they are overly broad, oppressive, unduly burdensome, expensive, and beyond the permissible scope of discovery under the Federal Rules of Civil Procedure.

      H.      Plaintiff objects to defendant's discovery requests to the extent that they seek

information/documents that are equally available to defendant and for which the burden on defendant to obtain the information/documents requested is not greater than the burden on plaintiff.

I.   Plaintiff objects to defendant's discovery requests to the extent that they seek a response or document involving an opinion or contention that relates to fact or the application of law to fact before discovery has been completed or until a pretrial conference or other later time.

## ANSWERS TO INTERROGATORIES

1.   State with specificity all facts you contend support your allegation that you "are affirmatively afforded coverage under the policy as [an] Additional Insured []," as stated at Doc. 28, ¶ 31, and identify every person who has knowledge of any fact stated.

**ANSWER:   Essex certified and issued a policy agreeing to insure Madison County and the Sheriff as an "Additional Insured".**

2.   Identify by claimant's name, date, case title and court, all of "the same or substantially similar claims" against which you contend Essex defended and indemnified you "over the years," as alleged in Doc. 28, ¶¶ 33, 49.

**ANSWER:   Pursuant to FRCP Rule 33(d) Plaintiffs direct Essex to its own records of previously providing coverage for similar claims.**

3.   State all facts you contend support your allegation at Doc. 28, ¶ 41, that: "As it relates to [you], the plaintiffs' claims in the *Listau, Jefferson, Woods* or *Foster* actions are merely derivative of the alleged constitutional torts committed by ACH and it physicians and nurses. Stated differently, but for the alleged deliberate indifference to serious medical needs of ACH and its physicians and nurses, no supervisory liability or inadequate funding claim would exist."

**ANSWER:   Plaintiff objects to this interrogatory as it calls for information subject to the attorney/client privilege, prepared in anticipation of litigation or in anticipation for trial, or the Attorney Work Product Doctrine which is confidential or proprietary in nature, or any other privilege. Without waiving any objection please refer to the respective complaints alleging ACH provided inadequate health care.**

3

4. State all facts you contend support your allegation at Doc. 28, ¶ 42, that: "Any damages sustained by [you] in the *Listau, Jefferson, Woods,* and *Foster* actions are the sole result of the acts and/or omissions of ACH and its physicians and nurses. If [you] are found liable in the *Listau, Jefferson, Woods,* and/or *Foster* actions, it would be derivative, secondary, and passive as compared to the primary and active deliberate indifference or other acts and/or omissions by ACH and its physicians and nurses related to the diagnosis and provision of medical care to *Listau, Jefferson, Woods,* and *Foster*."

**ANSWER:** **See response to Interrogatory number 3.**

5. Identify every person who has knowledge of any fact stated in response to interrogatory nos. 3 or 4.

**ANSWER:** **Plaintiff objects to the vagueness and overbroad request of "every person" with knowledge of the above requests. The parties involved in the underlying cases would have knowledge of the respective claim allegation along with witnesses disclosed in the underlying litigation. It is unknown which Essex employees possess this knowledge. Plaintiff reserves the right to supplement this interrogatory as discovery progresses.**

6. State with specificity every fact you contend supports your allegation at Doc. 28, ¶ 50, that: "Essex ... wrongfully [denied] coverage" and "Essex ... [acted] in bad faith" and identify every person who has knowledge of the facts.

**ANSWER:** **Plaintiff objects to this interrogatory as it calls for information subject to the attorney/client privilege, prepared in anticipation of litigation or in anticipation for trial, or the Attorney Work Product Doctrine which is confidential or proprietary in nature, or any other privilege. Without waiving said objection, Essex has denied coverage previously provided without any legitimate basis. Employees of Essex involved in the claims decision would possess knowledge of the claim denial along with the parties to this case. Plaintiff reserves the right to supplement this interrogatory as discovery progresses.**

7. State with specificity every fact you contend supports your allegation at Doc. 28, ¶ 52, that: "Essex has failed to provide ... a complete defense for [you] for the *Foster* action" or any other pending action and identify every person you contend has knowledge of any facts stated.

**ANSWER:** **Essex has refused to provide any defense to any pending action for this insured.**

4

8.      State with specificity every fact you contend supports your allegation at Doc. 28, ¶ 56, that "Essex denied, withdrew or failed to provide coverage for [you]" and identify every person with knowledge of the facts stated.

**ANSWER:   Essex refused to provide a defense and indemnity for these claims despite previously agreeing to provide defense and indemnity for similar claims.**

9.      Specifically, and separately, identify each allegation at Doc. 28, ¶ 57, that: "ACH's (and its physician' and nurses') acts and/or omissions in performance of the Agreement (for which [you] are allegedly liable) gave rise to the claims asserted by the plaintiffs in the *Listau, Jefferson, Woods* and *Foster* actions" and identify every person who has knowledge of the facts stated.

**ANSWER:   See respective underlying complaints.**

10.     State with specificity all facts you contend support the allegation at Doc. 28, ¶ 57, that: "[you] are, therefore, entitled to indemnification from ACH under the Agreement" and identify every person who has knowledge of the facts stated.

**ANSWER:   Pursuant to FRCP Rule 33(d) see every agreement entered into between the plaintiff and defendant ACH. These documents have been previously produced by defendant ACH.**

11.     State with specificity the date, amount, and nature of all "Claim Expenses associated with the investigation and defense of the claims asserted in the *Listau, Jefferson, Woods,* and *Foster* actions" incurred by you as alleged at Doc. 28, ¶ 58.

**ANSWER: This amount increases daily as the respective cases are litigated. Essex should be aware of the general nature of the expense and litigation cost as it is presumably paying the costs and fees for ACH's defense. This response will be supplemented upon entry of a protective order and as expenses continue to mount.**

12.     Specifically describe the nature, date, and patient associated with the "health services" referenced at Doc. 28, ¶ 63, and identify every person who has knowledge of the facts stated.

**ANSWER:   Plaintiff would refer to the parties to those cases along with disclosed witnesses in the respective cases. Essex should be aware of these persons as Essex is presumably providing defense for its other insured, ACH.**

5

13. State with specificity each act or omission by ACH, and identify the ACH employee or agent committing each act or omission, that you contend is alleged against you by the "plaintiffs in the *Listau, Jefferson, Woods*, and *Foster* actions," as asserted in Doc. 28, ¶ 64 and identify every person who has knowledge of the facts stated.

**ANSWER: Please refer to the respective complaints alleging ACH provided inadequate health care. As to individuals with knowledge of the respective cases plaintiff would refer to the parties to those cases along with disclosed witnesses in the respective cases. Essex should be aware of these persons as Essex is presumably providing defense for its other insured, ACH.**

14. Specifically, and separately, identify each allegation in the "*Listau, Jefferson, Woods*, and *Foster* complaints ... that [you contend] triggered coverage for [you] under the Policy," as alleged at Doc. 28, ¶ 65.

**ANSWER: Plaintiff objects to this interrogatory as it calls for information subject to the attorney/client privilege, prepared in anticipation of litigation or in anticipation for trial, or the Attorney Work Product Doctrine which is confidential or proprietary in nature, or any other privilege. Without waiving said objection, see respective complaints.**

15. State with specificity every fact you contend support the allegation at Doc. 28, ¶ 68, that "Essex has breached the contract because it failed to assume the defense of the referenced complaints and indemnify [you] and otherwise provide coverage under the Policy" and identify every person who has knowledge of the facts stated.

**ANSWER: Plaintiff objects to this interrogatory as it calls for information subject to the attorney/client privilege, prepared in anticipation of litigation or in anticipation for trial, or the Attorney Work Product Doctrine which is confidential or proprietary in nature, or any other privilege. Without waiving said objection, Essex refused to provide a defense and indemnity for these claims despite previously agreeing to provide defense and indemnity for similar claims.**

16. State with specificity every fact you contend supports the allegation at Doc. 28, ¶ 69 that: "Essex has improperly denied that some or all of the claims are covered by the policy and/or that it has any defense obligations and failed to pay the costs of defense in the referenced actions."

**ANSWER: Essex has refused to pay the cost of defending the underlying actions and has denied coverage for any potential liability.**

6

17. State with specificity every fact you contend supports the allegation at Doc. 28, ¶ 70 that: "As a result of Essex's breach of contract, [you] have incurred and will continue to incur substantial attorney's fees, court costs, Claim Expenses and other expenses in defending the *Listau, Jefferson, Woods,* and *Foster* actions, without any participation by Essex and in the bringing of this action" and itemize all such attorney's fees, court costs, Claim Expenses and other expenses.

**ANSWER:   See response to interrogatory number 11.**

18. State with specificity every fact you contend supports the allegation at Doc. 28, ¶ 73 that Essex "will not provide and/or failed to provide a complete defense or indemnity for [you] under the Policy in the *Listau, Jefferson, Woods,* and *Foster* actions."

**ANSWER:   Essex refused to provide a defense and indemnity for these claims.**

_____
Blake Dorning, as Madison County Sheriff


STATE OF ALABAMA
COUNTY OF MADISON

I the undersigned notary public, in and for said county and state, do hereby certify that Blake Dorning, in his capacity as Sheriff of Madison County, whose name is signed to the foregoing Answers to Interrogatories and who is known to me, and after being duly sworn, acknowledged before me on this day that the information contained in the foregoing Answers to Interrogatories is true and correct and with full authority as Sheriff of Madison County he executed the same voluntarily on this the 21st day of September, 2016.

_____
Notary Public
My Commission Expires: 6·10·2018

7


Respectfully Submitted,

/s/ David J. Hodge
David J. Hodge (asb-4617-I71H)
Attorney for Plaintiff

Of Counsel:
Morris, King & Hodge, P.C.
200 Pratt Avenue
Huntsville Alabama 35801
(256) 536-0588
dhodge@mkhlawyers.com

Of Counsel:
J. Jeffery Rich, Esq.
100 North Side Square, Suite 700
Huntsville, Alabama 35801
jrich@madisoncountyal.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27 day of September, 2016, I e-mailed a copy of the foregoing to the following counsel of record:

Atty for Essex Insurance Company
Mr. F. Lane Finch, Esq.
Mr. Brian C. Richardson, Esq.
Attorneys for Essex Insurance Company
Swift Currie McGhee & Hiers LLP
2 North 20th Street, Suite 1405
Birmingham, Alabama 35203
lane.finch@swiftcurrie.com

Atty for Advance Correctional Healthcare
Mr. Robert Cooper, Esq.
White Arnold & Dowd, PC
2025 Third Ave., North, Suite 500
Birmingham, Alabama 35203
rcooper@whitearnolddowd.com

/s/ David J. Hodge
David J. Hodge

