FILED
2016 Nov-14 PM 03:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit B



F. Lane Finch, Jr.
lane.finch@swiftcurrie.com
Direct (205) 314-2403

2 North 20th Street | Suite 1405 | Birmingham, AL 35203 | (205) 314-2401 | Fax: (205)244-1373
www.swiftcurrie.com

October 21, 2016

<u>Via fax (256) 533-1504 and regular mail</u>
David J. Hodge
Morris, King & Hodge, PC
200 Pratt Avenue
Huntsville, AL 35801

   RE: Madison County, et al. v. Evanston Insurance Co., et al.
      Case No. 5:15-cv-1997-HGD

Dear David:

On June 30, 2016, Evanston Insurance Company (formerly Essex Insurance Company) propounded Interrogatories and Requests for Production of Documents on the Plaintiffs. Madison County, Sheriff Blake Dorning, Steve Morrison, Christine Collier, Vanessa Fields, Nick Wallace, Roslyn Guyton, Randy Hooper, and Pamela Batie (collectively "Plaintiffs") responded to Evanston's discovery requests. However, no documents were produced.

As a general note, Steve Morrison, Christine Collier, Vanessa Fields, Nick Wallace, Roslyn Guyton, Randy Hooper, and Pamela Batie did not sign their interrogatory responses. Please have their responses signed and sent to us as soon as possible. Also, please provide copies of Madison County's agreements as required by Rule 26 of the Federal Rules of Civil Procedure and per our prior requests.

The following interrogatory responses are inadequate.

<u>Interrogatory</u>

  2. Evanston requested that Plaintiffs identify by claimant's name, date, case title and court, all of "the same or substantially similar claims" against which you contend Essex defendant and indemnified you over the years as alleged in the Second Amended Complaint. Plaintiffs responded "Pursuant to FRCP Rule 33(d) Plaintiffs direct Essex to its own records of

previously provided coverage for similar claims. This request seeks information regarding which specific claims Plaintiffs are referring to, and making, in the Second Amended Complaint. Evanston is entitled to know which specific claims Plaintiffs are referring to in the Second Amended Complaint.

6. Evanston requested that Plaintiffs state with specificity every fact you contend supports your allegation in the Second Amended Complaint that "Essex ... wrongfully [denied] coverage" and "Essex ... [acted] in bad faith." Plaintiffs responded, subject to an objection, that "Essex has denied coverage previously provided without any legitimate basis. Evanston is entitled to know which previous claims Plaintiffs are referring to in the Second Amended Complaint.

14. Evanston requested that Plaintiffs to identify each allegation in the *Listau*, *Jefferson*, *Woods*, and *Foster* complaints ... that [you contend] triggered coverage for [you] under the Policy." Plaintiffs responded, subject to an objection, "see respective complaints." Evanston is entitled to know which allegations Plaintiffs contend triggered coverage under the ACH Policy.

15. Evanston requested that Plaintiffs state with specificity every fact you contend supports the allegation in the Second Amended Complaint that "Essex has breached the contract because it failed to assume the defense of the referenced complaints and indemnify [you] and otherwise provide coverage under the Policy." Plaintiffs responded, subject to an objection, "Essex refused to provide a defense and indemnity for these claims despite previously agreeing to provide defense and indemnity for similar claims." Evanston is entitled to know which previous claims Plaintiffs are referring to in the Second Amended Complaint.

Please supplement these responses by Friday, October 28, 2016, or we will be forced to file a motion to compel. Additionally, Plaintiffs have not produced the first document in response to Evanston's discovery requests. The Court entered a protective order in this matter earlier this week. Therefore, there should be no further delay.

Sincerely,

SWIFT, CURRIE, McGHEE & HIERS, LLP

F. Lane Finch, Jr.

FLF/ls

3283384v.1