Case 5:15-cv-01997-HNJ   Document 95-7   Filed 01/12/18   Page 1 of 21

FILED

2018 Jan-12  PM 04:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

Case 5:15-cv-01997-HGD   Document 28   Filed 05/02/16   Page 35 of 42

94.   ACH   intentionally,   willfully,   wantonly   and/or   recklessly misrepresented material facts to Plaintiffs to induce them to act or refrain from acting.   ACH   made   these   misrepresentations   with   knowledge   that   the representations were false or with reckless disregard for whether they were true and that Plaintiffs did not know it was false.

95.   When ACH made the misrepresentations identified in paragraph 93 above, ACH did not intend to perform the acts it promised.   Instead, ACH made these misrepresentations intentionally to deceive the County and Sheriff Dorning.

96.   In the alternative, ACH made mistaken false statements or negligent, mistaken and/or innocent misrepresentations of material facts, done without regard to their truth or falsity, or made by ACH by telling the Plaintiffs that ACH had knowledge that said statements or representations were true, while not having such knowledge.

97.   ACH is guilty of fraud, deceit, and misrepresentation pursuant to § 6-5-100, § 6-5-101, § 6-5-103 and §6-5-104, Code of Alabama and other Alabama law.

98.   Neither before nor after ACH entered into the Agreement, or any extension of the Agreement or renewal term, did ACH contact Essex or any other insurance company to obtain (and maintain) primary insurance with the County and Sheriff Dorning as Named Insureds covering all claims that might arise out of

the course and scope of the Agreement, including claims for professional liability, negligence, and constitutional torts.

99.   As a direct and proximate result of ACH's fraud and deceit, the County and Sheriff Dorning have been, and will continue to be, damaged by, among other things, incurring considerable expense in the preparation of the defense of the Listau, Jefferson, Woods and Foster actions, including, but not limited to, filing fees, witness fees, witness mileage, expert fees, court reporter services, attorneys' fees and other litigation fees and expenses.

### COUNT VI
### SUPPRESSION
### (ACH)

100.   Plaintiffs reallege and reassert the preceding factual allegations as if fully set forth in this Count VI of the Complaint.

101.   ACH failed to reveal material information that it was under an obligation to communicate that it knew or should have known as material to the Plaintiffs as described herein.   ACH suppressed material facts which the Plaintiffs had a right to know about.

102.   ACH had a duty to disclose such material information to Plaintiffs because of, among other reasons, their superior knowledge, their superior position to obtain such information, because of the particular circumstances alleged herein,

because of the relation of the parties and/or because ACH made partial representations/disclosures that misled Plaintiffs as to the material facts.

103.   ACH falsely represented to the County and Sheriff Dorning in the Agreement, and continued to falsely represent to them (including in subsequent communications and in extensions or renewal terms of the Agreement), the following material facts:

- ACH procured and maintained adequate, primary insurance covering all claims that might arise out of the course and scope of ACH's work, including claims for professional liability, negligence, and constitutional torts; and

- the County and Sheriff Dorning were, and would continue to be, additional *named insureds* on ACH's insurance policies.

104.   Once ACH made such representations, it was under a duty to disclose the truth about all material information so that there would be a full and fair disclosure. ACH had the duty to inform Plaintiffs of or alternatively had the duty to correct the assurances, false statements and partial disclosures regarding the above-referenced statements. During the business relationship with Plaintiffs, ACH had a duty to disclose the truth upon being questioned about material issues.

105.   ACH, however, suppressed, among other things that: neither before nor after ACH entered into the Agreement, or any extension of the Agreement or renewal term, did ACH obtain (or maintain) primary insurance, through Essex or

any other insurance company, with the County and Sheriff Dorning as Named Insureds covering all claims that might arise out of the course and scope of the Agreement, including claims for professional liability, negligence, and constitutional torts.

106. The facts suppressed and detailed hereinabove are material, and Plaintiffs reasonably and foreseeably relied on the non-disclosure of those facts by ACH to their detriment by, among other things, entering into and continuing a business relationship with ACH and allowing ACH and its physicians, nurses, and other employees to provide medical care to inmates at the Detention Facility. ACH failed to disclose with the purpose and effect of inducing the County and Sheriff Dorning to enter into the Agreement, and extensions to the term, so ACH could collect its fees and shift the risk of its own commitment to others.

107. These suppressions of fact were known of by ACH, or ACH recklessly suppressed the facts, without true knowledge thereof; or said Defendant suppressed the facts by negligence and/or mistake, but did so with the intention that Plaintiffs should rely on the information said Defendant was giving them. ACH is guilty of suppression pursuant to § 6-5-102, Code of Alabama, (1975) and other Alabama law.

108. As a direct and proximate result of ACH's wrongful suppression of facts, the County and Sheriff Dorning have been, and will continue to be, damaged

by, among other things, incurring considerable expense in the preparation of the defense of the <u>Listau</u>, <u>Jefferson</u>, <u>Woods</u> and <u>Foster</u> actions, including, but not limited to, filing fees, witness fees, witness mileage, expert fees, court reporter services, attorneys' fees and other litigation fees and expenses.

109.   The acts of ACH, by and through its agents, officers and employees, were oppressive and ACH deliberately omitted and/or failed to disclose to the Plaintiffs the aforesaid material facts. The acts or omissions of ACH were oppressive because it subjected the Plaintiffs to cruel and unjust hardship with conscious disregard to the Plaintiffs. ACH's actions and omissions as alleged in this Complaint constitute oppression, fraud, wantonness and/or malice with respect to the Plaintiffs with the intent to deprive Plaintiffs of their property, legal rights or otherwise cause injury, so as to warrant the imposition of punitive damages.

**COUNT VII**
**PROMISSORY ESTOPPEL**
**(ACH)**

110.   Plaintiffs reallege and reassert the preceding factual allegations as if fully set forth in this Count VII of the Complaint.

111.   ACH clearly and unequivocally made promises and representations, including, but not limited to, those promises and representations concerning the procurement of insurance, the provision of a defense, indemnification,

maintenance of medical records, and other promises and representations in the Agreement and in subsequent communications.

112.   ACH intended for the County and Sheriff Dorning to rely on those promises and representations in the Agreement and in subsequent communications.

113.   At the time it made them, ACH had no intention of honoring the promises and representations contained in the Agreement and in subsequent communications.

114.   The County and Sheriff Dorning reasonably and foreseeably relied on ACH's promises and representations in the Agreement and in subsequent communications by, among other things, entering into and continuing a business relationship with ACH and allowing ACH and its physicians, nurses, and other employees to provide medical care to inmates at the Detention Facility.

115.   ACH failed to comply with its promises and representations to the County and Sheriff Dorning to their detriment.

116.   Injustice will result if ACH's promises are not enforced or the County and Sheriff Dorning are not awarded damages incurred as a result of ACH's failure to keep its promises.

### PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs respectfully request that this

Court enter a judgment in their favor and against Defendants as follows:

A.    awarding Plaintiffs actual damages, incidental and consequential damages, punitive and exemplary damages, statutory damages and penalties, pre- and post-judgment interest, costs, and reasonable attorneys' fees; and

B.    awarding Plaintiffs such other and further relief sought above or to which they may show themselves justly entitled at law or in equity.

Respectfully submitted,

/s/  David J. Hodge
David J. Hodge (ASB-4617-I71H)
Joseph D. Aiello (ASB-5017-S75A)
**MORRIS, KING & HODGE, P.C.**
200 Pratt Avenue NE
Huntsville Alabama 35801
(256) 536-0588
dhodge@mkhlawyers.com
jaiello@mkhlawyers.com

J. Jeffery Rich
Madison County Attorney
**MADISON COUNTY, ALABAMA**
100 Northside Square
7th Floor
Huntsville, Alabama 35801
(256) 519-2061
(256) 519-2059 (Facsimile)
jrich@madisoncountyal.gov

*Attorneys for Plaintiffs*

41

## CERTIFICATE OF SERVICE

I hereby certify that on this the 2nd day of May 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

F. Lane Finch
Brian C. Richardson
Attorneys for Essex Insurance Company
Swift Currie McGhee & Hiers LLP
2 North 20th Street, Suite 1405
Birmingham, Alabama 35203
lane.finch@swiftcurrie.com
Telephone: (205) 401-1514

Robert E. Cooper
WHITE, ARNOLD & DOWD, PC
2025 Third Avenue North, Suite 500
Birmingham, AL 35203
rcooper@whitearnolddowd.com
Telephone: 205-323-1888

/s/ David J. Hodge
David J. Hodge

Case 5:15-cv-01997-HNJ Document 95-7 Filed 01/12/18 Page 9 of 21

Page 1 of 1

**Shelley Nilsson**

| | |
|---|---|
| **From:** | Rich, Jeff [JRICH@SIROTE.COM] |
| **Sent:** | Friday, June 23, 2006 7:25 AM |
| **To:** | Shelley Nilsson |
| **Cc:** | Butler, Julian D. |
| **Subject:** | RE: ACH Malpractice Policy |

Shelly, I will review this. The additional insured needs to be adding Madison County, the Madison County Sheriff and their employees. We simply need to make sure that if a jailer or deputy is sued as part of a claim arising out of healthcare in the jail, the insurance will provide coverage. This is one of the issues with the current provider. Please let me know if this is a problem.

**From:** Shelley Nilsson [mailto:snilsson@advancedch.com]
**Sent:** Friday, June 23, 2006 8:15 AM
**To:** Rich, Jeff
**Subject:** ACH Malpractice Policy

Jeff:

Attached is the ACH Malpractice Policy. It renews every late. Our flight was delayed and we did not get into Peoria expecting a Certificate of Insurance naming the county as an you have any questions.

*Shelley Nilsson*
Advanced Correctional Healthcare, Inc.
(309) 692-8100 phone
(309) 692-8106 fax
snilsson@advancedch.com

6/27/2006



DEFENDANT'S
EXHIBIT
6
Rich



**From:** Shelley Nilsson [mailto:snilsson@advancedch.com]
**Sent:** Friday, June 23, 2006 8:15 AM
**To:** Rich, Jeff
**Subject:** ACH Malpractice Policy

Jeff:

Attached is the ACH Malpractice Policy.  It renews every August
flight was delayed and we did not get into Peoria until late
Certificate of Insurance naming the county as an additional
questions.

Shelley Nilsson
Advanced Correctional Healthcare, Inc.
(309) 692-8100 phone
(309) 692-8106 fax
snilsson@advancedch.com



6/23/2006

MADISON COUNTY (ACH) 0165

# ACORD. CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
08/10/2005

| PRODUCER | |
|---|---|
| CALLENDER & CO.<br>1615 CANDLETREE DR<br>PEORIA, IL  61614 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

| INSURED | INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|---|
| Advanced Correctional Healthcare<br>P.O. Box 10260<br>Peoria, IL  61612-0260 | INSURER A:  WESTFIELD INS. CO. | |
| | INSURER B:  COMMERCE & INDUSTRY INS. CO. | |
| | INSURER C:  GENERAL STAR | |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | GENERAL LIABILITY<br>[X] COMMERCIAL GENERAL LIABILITY<br>[ ] CLAIMS MADE [X] OCCUR<br><br>GEN'L AGGREGATE LIMIT APPLIES PER:<br>[ ] POLICY [ ] PRO-JECT [ ] LOC | CWP3409591 | 08/01/2005 | 08/01/2006 | EACH OCCURRENCE<br>DAMAGE TO RENTED PREMISES (Ea occurrence)<br>MED EXP (Any one person)<br>PERSONAL & ADV INJURY<br>GENERAL AGGREGATE<br>PRODUCTS - COMP/OP AGG | $ 1,000,000<br>$ 100,000<br>$ 5,000<br>$ 1,000,000<br>$ 2,000,000<br>$ 2,000,000 |
| A | | AUTOMOBILE LIABILITY<br>[ ] ANY AUTO<br>[ ] ALL OWNED AUTOS<br>[ ] SCHEDULED AUTOS<br>[X] HIRED AUTOS<br>[X] NON-OWNED AUTOS | CWP3409591 | 08/01/2005 | 08/01/2006 | COMBINED SINGLE LIMIT (Ea accident)<br>BODILY INJURY (Per person)<br>BODILY INJURY (Per accident)<br>PROPERTY DAMAGE (Per accident) | $ 1,000,000<br>$<br>$<br>$ |
| | | GARAGE LIABILITY<br>[ ] ANY AUTO | | | | AUTO ONLY - EA ACCIDENT<br>OTHER THAN EA ACC<br>AUTO ONLY: AGG | $<br>$<br>$ |
| A | | EXCESS/UMBRELLA LIABILITY<br>[X] OCCUR [ ] CLAIMS MADE<br>[ ] DEDUCTIBLE<br>[ ] RETENTION $ | CWP3409591 | 08/01/2005 | 08/01/2006 | EACH OCCURRENCE<br>AGGREGATE<br><br> | $ 1,000,000<br>$ 1,000,000<br>$<br>$<br>$ |
| B | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes, describe under SPECIAL PROVISIONS below | WC1841117 | 08/01/2005 | 08/01/2006 | [X] WC STATU-TORY LIMITS [ ] OTHER<br>E.L. EACH ACCIDENT<br>E.L. DISEASE - EA EMPLOYEE<br>E.L. DISEASE - POLICY LIMIT | 500,000<br>500,000<br>500,000 |
| C | | OTHER<br>MEDICAL PROFESSIONAL LIABILITY | IJG-398453 | 08/01/2005 | 08/01/2006 | $1,000,000 EACH CLAIM<br>$3,000,000 AGGREGATE LIMIT | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| TO WHOM IT MAY CONCERN | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  10  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE |

ACORD 25 (2001/08)

© ACORD CORPORATION 1988

NO. 3301   P. 2

# SIROTE
— & —
# PERMUTT
A PROFESSIONAL CORPORATION

**J. JEFFERY RICH**
ATTORNEY AT LAW
(256) 518-3657
jrich@sirote.com

October 16, 2006

Norman R. Johnson, M.D.
Advanced Healthcare, Inc.
P. O. Box 10260
Peoria, Illinois 61612-0260

Re:    Healthcare - Madison County Detention Facility

Dear Norm:

During our last meeting, we discussed the availability of insurance in accordance with the terms of the Healthcare Services Agreement entered into by Madison County, Sheriff Dorning and Advanced Correctional Healthcare ("ACH"). I have also spoken with your insurance agent in regard to the insurance coverage and provided him with information concerning the coverage that was eventually placed on behalf of the prior proprietor, Health Assurance, LLC.

As we have discussed, insurance coverage is a matter of significant concern to Madison County and to Sheriff Dorning. Please provide an update in regard to the current status of ACH's insurance coverage and the status of Sheriff Dorning and Madison County as additional insureds on the policy. I look forward to hearing from you soon.

Sincerely,

A. Jeffery Rich
FOR THE FIRM

JJR/cbl

c:       Sheriff Blake Dorning (via Hand Delivery)
         Honorable Mike Gillespie (via Hand Delivery)
         Mr. Howard Baites (via Hand Delivery)


DEFENDANT'S
EXHIBIT
Rich

DOCSHSV\166735\1\

*LAW OFFICES AND MEDIATION CENTERS*
305 CHURCH STREET, SUITE 800    HUNTSVILLE, ALABAMA 35801
POST OFFICE BOX 18248    HUNTSVILLE, ALABAMA 35804-8248
TELEPHONE | 256.536.1711     FAX | 256.518.3681     URL | http://www.sirote.com
Birmingham    |    Huntsville    |    Mobile



------------------------------------------------- A Higher Standard. Delivered.

July 30, 2010

Madison County Jail
Sheriff Blake Dorning
815 Wheeler Avenue, Room 206
Huntsville AL 35801

RE: Advanced Correctional Healthcare Certificate of Insurance for Correctional Healthcare

Dear Sheriff Dorning,

Please find enclosed the current certificate of insurance denoting coverage at the
Madison County Sheriff's Department for correctional healthcare. This certificate identifies
the levels of coverage carried by Advanced Correctional Healthcare for the ACH
physicians and nurse employees while providing services to the inmates of your facility.
The coverage period for this insurance is extended until August 1, 2011. Please review this
information and file a copy for your records.

If there are any questions, please feel free to contact me. We appreciate the opportunity
to deliver a higher standard of evidence-based, quality, affordable healthcare to the
inmates of the county.

Respectfully,

Neil Leuthold
President
Advanced Correctional Healthcare
309-692-8100 (office)
309-453-4711 (cell)
nleuthold@advancedch.com

Encl.

NEL/edb

DEFENDANT'S
EXHIBIT

Rich

3922 W Baring Trace * Peoria, Illinois 61615-2500
Phone: 309.692.8100 Fax: 309.692.8106

ACH001495

# ACORD₋ CERTIFICATE OF LIABILITY INSURANCE

| | | DATE (MM/DD/YYYY) |
|---|---|---|
| | | 07/29/2010 |

**PRODUCER**
CALLENDER & CO.
1615 CANDLETREE DR
PEORIA, IL  61614

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW.

**INSURED**
Advanced Correctional Healthcare
3922 Baring Trace
Peoria, IL  61615

| INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: WESTFIELD INS. CO. | |
| INSURER B: ACE PROPERTY & CASUALTY INS. CO. | |
| INSURER C: ESSEX INS. CO. | |
| INSURER D: | |
| INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | X | GENERAL LIABILITY | CWP3409591 | 08/01/2010 | 08/01/2011 | EACH OCCURRENCE | $ 1,000,000 |
| | X | COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | | CLAIMS MADE [X] OCCUR | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: POLICY PRO-JECT LOC | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| A | | AUTOMOBILE LIABILITY ANY AUTO ALL OWNED AUTOS X SCHEDULED AUTOS X HIRED AUTOS X NON-OWNED AUTOS | CWP3409591 | 08/01/2010 | 08/01/2011 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | GARAGE LIABILITY ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN EA ACC AUTO ONLY: AGG | $ $ |
| A | X | EXCESS/UMBRELLA LIABILITY OCCUR CLAIMS MADE | CWP3409591 | 08/01/2010 | 08/01/2011 | EACH OCCURRENCE | $ 10,000,000 |
| | | | | | | AGGREGATE | $ 10,000,000 |
| | | DEDUCTIBLE RETENTION $ | | | | | $ $ |
| B | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? If yes, describe under SPECIAL PROVISIONS below | C46347341 | 08/01/2010 | 08/01/2011 | X WC STATU- TORY LIMITS OTH- ER | |
| | | | | | | E.L. EACH ACCIDENT | $ 500,000 |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 500,000 |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ 500,000 |
| C | | OTHER MEDICAL PROFESSIONAL LIAB., incl CIVIL RIGHTS | MM-819035 | 08/01/2010 | 08/01/2011 | $1,000,000/$3,000,000 | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS

Madison County, AL and the Sheriff of Madison County, AL are included as additional insured under the General Liability and Professional Liability coverage.  Coverage applies to ACH operations in correctional facilities only.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Madison County Jail 100 Northside Square Huntsville, AL 35801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL  10  DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE |

ACORD 25 (2001/08)                                                © ACORD CORPORATION 1988

ACH001496



------------------------------------------- A Higher Standard. Delivered.

July 30, 2010

Sirote & Permutt, P.C.
Mr. Jeff Rich, Attorney at Law
P.O. Box 55727
Birmingham, AL 35255-5727

RE: Advanced Correctional Healthcare Certificate of Insurance for Correctional Healthcare

Dear Attorney Rich,

Please find enclosed the current certificate of insurance denoting coverage at the
Madison County Sheriff's Department for correctional healthcare. This certificate identifies
the levels of coverage carried by Advanced Correctional Healthcare for the ACH
physicians and nurse employees while providing services to the inmates of your facility.
The coverage period for this insurance is extended until August 1, 2011. Please review this
information and file a copy for your records.

If there are any questions, please feel free to contact me. We appreciate the opportunity
to deliver a higher standard of evidence-based, quality, affordable healthcare to the
inmates of the county.

Respectfully,

Neil Leuthold
President
Advanced Correctional Healthcare
309-692-8100 (office)
309-453-4711 (cell)
nleuthold@advancedch.com

Encl.

NEL/edb

3922 W Baring Trace * Peoria, Illinois 61615-2500
Phone: 309.692.8100 Fax: 309.692.8106

DEFENDANT'S
EXHIBIT



Claims Service Center
Ten Parkway North
Deerfield, IL 60015-2544
(847) 572-6000
(847) 572-6338
www.markelcorp.com

July 26, 2011

JEFF RICH, ESQ.
SIROTE & PERMUTT, P.C.
305 CHURCH STREET
SUITE 800
HUNTSVILLE, ALABAMA 35801

RE:  Insured:       ADVANCED CORRECTIONAL HEALTHCARE, INC.
     Claimant:      MOORE RANDOLPH & ANGELA Y
     Policy:        MM-819035
     File No:       MM259981
     Your File No:



Dear Mr. Rich:

Markel Service, Incorporated is the claims service manager for ESSEX INSURANCE COMPANY (the "Company"), which provides Locum Tenens and Contract Staffing Services General and Professional Liability Insurance protection for ADVANCED CORRECTIONAL HEALTHCARE, INC. In that capacity, we acknowledge receipt of the Summons and Complaint filed against Madison County by Randolph Morre and Angela Y. Moore (the "Plaintiffs"). Please use the above File No. on all correspondence regarding this matter.

Pursuant to our coverage review and investigation, the Company will accept the tender of defense and indemnity made by Madison County, subject to the following reservation of rights. The Company will provide a complete defense under the referenced policy for this claim in the *Moore vs. Advanced Correctional Healthcare, et al* lawsuit under a reservation of rights to limit or deny payment of damages on various grounds detailed below.

While the Company is accepting the tender of defense and indemnity from Monroe County, it is doing so pursuant to the terms of the Policy, and it is to be expressly understood that the Company is responsible only according to the terms, limits, and conditions of the Policy.

The Company further reserves its right to amend or supplement this reservation as further review, investigation and discovery warrant. The Company also reserves the right to seek reimbursement from you for claim expenses incurred on your behalf in defending this claim should it ultimately be determined that no duty to defend or indemnify existed. The Company also reserves its right to file a declaratory judgment action at any time to determine its duties of defense or indemnity herein.

ACH001577



SM File #: MM259981
July 26, 2011
Page 2

This letter sets forth the facts upon which we rely at this time in evaluating coverage. Should you have any information that is contrary to these facts that may impact your coverage or our evaluation, this information should be provided to the undersigned. As an Additional Insured under this policy, Madison County has a continuing duty to cooperate with the Company in investigating and evaluating this claim.

Plaintiff's Lawsuit was filed on May 9, 2011. He alleges he was incorrectly informed he had a sexually transmitted disease and his wife should be tested. His wife subsequently had bad side effects to the treatment for the sexually transmitted disease. The inmate was then advised he did not have a sexually transmitted disease.

In June 2011, you sent a letter to Advanced Correctional Healthcare, Inc. tendering defense and indemnity of this claim to Advanced Correctional Healthcare, Inc.. In this letter, the you refer to the indemnification clauses in the staffing agreement that the Insured entered into with Madison County.

As plaintiff's Notice of Claim states that he is alleging inadequate medical care and treatment, we are currently addressing this under the policy's professional liability coverage. The Evanston Insurance Company policy provides professional liability coverage pursuant to the Insuring Agreement as follows:

**THE COVERAGE**

A.   Professional Liability and Claims Made Clause: To pay on behalf of the Named Insured all sums in excess of the deductible amount stated in the Declarations which the Insured shall become legally obligated to pay as damages as a result of CLAIMS FIRST MADE AGAINST THE INSURED DURING THE POLICY PERIOD:

1.   Coverage A – Individual Professional Liability: because of Malpractice or Personal Injury sustained by a patient and committed by the individual independent contracted physician or by any person for whose acts or omissions the Insured is legally responsible, except as a member, stockholder, or partner of an association, corporation, or partnership, arising out of the professional activities of the Insured as a medical practitioner;

PROVIDED ALWAYS THAT such Malpractice of Personal Injury happened subsequent to the Retroactive Date specified in Item 5 of the Declarations.

2.   Coverage B – Association, Corporation or Partnership Liability: because of Malpractice or Personal Injury, sustained by a patient and committed by any person for whom the association, corporation, or partnership is legally

ACH001578



SM File #: MM259981
July 26, 2011
Page 3

responsible, arising out of the practice of medicine, or the placement process/activities of a locum tenens;

PROVIDED ALWAYS THAT such Malpractice or Personal Injury happened subsequent to the Retroactive Date specified in Item 5 of the Declarations.

**Claim** means, whenever used in this policy, a demand received by the Insured for money or services, including the service of suit or institution of arbitration proceedings against the Insured.

**Malpractice** means, whenever used in this policy, an act, error or omission in professional services rendered or that should have been rendered by an Insured.

**Personal Injury** means, whenever used in this policy:

(a)     false arrest, detention or imprisonment, and malicious prosecution except when inflicted by, at the direction of, or with the consent or acquiescence of the Insured who has predetermined to commit such act, or allowed such act to have been committed, without legal justification;

(b)     the publication or utterance of a libel or slander or a publication or an utterance in violation of a patient's right to professional confidence, except when published or uttered by, at the direction of, or with the consent or acquiescence of the Insured who has predetermined to commit such act, or allowed such act to have been committed, without legal justification.

This coverage extends to all those individuals who are defined as "Insured" as per the following policy language:

**THE INSURED**

The unqualified word "Insured" whenever used in this policy means:

(a)     under Coverage A: Individual Professional Liability, each individual described as an Insured in Item 1.A. of the Declarations;

(b)     under Coverage B: Association, Corporation or Partnership Liability, the association, corporation or partnership described in Item 1.(b) of the Declarations and any member, stockholder and/or partner, executive officer, and/or medical director thereof with respect to acts or omissions of others, provided that no member, stockholder or partner executive officer, and/or medical director shall be an Insured under this paragraph (b) with respect to liability for his personal acts of a professional nature, hereinafter referred to as the Named Insured;

A Markel Company

ACH001579



**MARKEL**

SM File #: MM259981
July 26, 2011
Page 4

    (c)    all former independent contracted physicians for any claim made during this policy period, including any applicable Extended Reporting Period, PROVIDED ALWAYS THAT:

        (1)    coverage for any such claim would have been afforded under this policy had such claim been presented while such independent contracted physician was an Insured under this policy, and

        (2)    there is no other valid insurance available to said independent contracted physician for any such claim

    (d)    the heirs, executors, administrators, assigns and legal representatives of each Insured above in the event of his death, incapacity or bankruptcy.

Endorsement No. 5 states as follows:

**ADDITIONAL INSURED ENDORSEMENT – PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the following:

**Locum Tenens and Contract Staffing Services Professional Liability Insurance Coverage Part II**

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended as follows:

1.    Section The Insured is amended by the addition of the following:

    Whenever used in this Coverage Part, the unqualified word Insured shall also mean Additional Insured.

2.    **Additional Insured** means, whenever used in this endorsement, the following:

    Madison County (AL) effective 08/21/06
    Sheriff of Madison County (AL) effective 08/21/06

3.    Coverage provided to any Additional Insured as defined herein shall apply solely with respect to any Claim or Claim Expenses arising from Professional Services rendered by the Named Insured specified in Item 1B. of the Declarations.

4.    Section Defense, Settlements and Claim Expenses is amended by the addition of the following:

    The Company's obligation to provide defense shall not be severable with respect to the Named Insured and the Additional Insured.



SM File #: MM259981
July 26, 2011
Page 5

     5.     The Additional Insured and the Named Insured shall be represented by the same lawyer unless such mutual representation is prohibited by law or by any applicable professional code of conduct.

     6.     This insurance shall be excess and non-contributory insurance over any other insurance afforded to the Additional Insured.

Under the provisions of Endorsement No. 5. of the policy, Madison County and Sheriff of Madison County are Additional Insureds pursuant to the terms of the policy.  Therefore, in the instance that any coverage would be afforded to the Named Insured this matter, coverage will be extended to Madison County and Sheriff Madison County.  The language of Endorsement No. 5 limits coverage to liability the Additional Insured incurs as a result of claims from alleged malpractice in professional services rendered by the Named Insured.

The defense of the Named Insured is not severable from that of the Additional Insured.  As a result, any and all exclusions that would apply to coverage for the Named Insured under the policy also apply to exclude coverage for the Additional Insured.  Finally we note that the coverage afforded by the Essex Insurance Company policy would be excess to any other coverage for this claim available to Madison County.

## CONCLUSION

The Company reserves all of its rights under the policy to limit or deny coverage as explained herein. Please note that Trey Ireland will represent your interests in this Lawsuit against Madison County by Randolph Moore and Angela Y. Moore, such undertaking is upon the express understanding that it will not be construed as a waiver of any of the rights which the Company may have under the policy, nor as an admission of any liability whatsoever of the Company to the Insured.



SM File #: MM259981
July 26, 2011
Page 6

Please feel free to call the undersigned if you have any questions or comments at (847) 572-6337. In particular, please advise the undersigned immediately if you are aware of further or different facts that could have a bearing on our position regarding coverage of the captioned matter. All of your correspondence concerning coverage should be directed to the undersigned. Any questions you have concerning your defense should be directed to Trey Ireland of Porterfield, Harper, Mills and Motlow.

Sincerely,

Jennifer L. O'Grady
Sr. Claims Examiner
Claims Service Center

cc: Neil Leuthold
    Peter Jennetten, Esq.
    Trey Ireland, Esq.