FILED
2018 Jan-12  PM 04:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

**ACORD**

# CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
7/29/2014

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | CONTACT NAME | Rob Bielenberg | | |
|---|---|---|---|---|
| CALLENDER & CO. 1615 CANDLETREE DR PEORIA, IL  61614 | PHONE (A/C, No, Ext): (309) 693-1313 | | FAX (A/C, No): (309) 693-7989 | |
| | E-MAIL ADDRESS: | | | |
| | | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : SELECTIVE INSURANCE-CO of SC | | | |
| INSURED  Advanced Correctional Healthcare 3922 W Baring Trace Peoria, IL  61615-2500 | INSURER B : RIVERPORT INSURANCE CO | | | |
| | INSURER C : ESSEX INSURANCE CO | | | |
| | INSURER D : | | | |
| | INSURER E : | | | |
| | INSURER F : | | | |

## COVERAGES         CERTIFICATE NUMBER:         REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSR | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **GENERAL LIABILITY** | X | | S1997699 | 08/01/2014 | 08/01/2015 | EACH OCCURRENCE | $ 1,000,000 |
| | X COMMERCIAL GENERAL LIABILITY | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 100,000 |
| | CLAIMS-MADE X OCCUR | | | | | | MED EXP (Any one person) | $ 5,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | POLICY PRO-JECT LOC | | | | | | | $ |
| A | **AUTOMOBILE LIABILITY** | | | S1997699 | 08/01/2014 | 08/01/2015 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | X ANY AUTO | | | | | | BODILY INJURY (Per person) | $ |
| | ALL OWNED AUTOS   SCHEDULED AUTOS | | | | | | BODILY INJURY (Per accident) | $ |
| | HIRED AUTOS   NON-OWNED AUTOS | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | | $ |
| A | X **UMBRELLA LIAB** X OCCUR | | | S1997699 | 08/01/2014 | 08/01/2015 | EACH OCCURRENCE | $ 10,000,000 |
| | **EXCESS LIAB** CLAIMS-MADE | | | | | | AGGREGATE | $ 10,000,000 |
| | DED RETENTION $ | | | | | | | $ |
| B | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** Y/N | | | WC12-87-017823 | 08/01/2014 | 08/01/2015 | X WC STATU-TORY LIMITS   OTHER | |
| | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) | N/A | | | | | E.L. EACH ACCIDENT | $ 500,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 500,000 |
| | If yes, describe under DESCRIPTION OF OPERATIONS below | | | | | | E.L. DISEASE - POLICY LIMIT | $ 500,000 |
| C | **MEDICAL PROFESSIONAL LIAB** Incl CIVIL RIGHTS | X | | MM-824774 | 08/01/2014 | 08/01/2015 | $1,000,000 occ | $3,000,000 agg |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (Attach ACORD 101, Additional Remarks Schedule, if more space is required)

Madison County, AL and the Director of Neaves-Davis Center for Children are included as additional insured under the General Liability and Professional Liability coverage if required by contract in writing.

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Neaves-Davis Center for Children 817 Cook Ave Huntsville, AL 35801 | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. |
| | AUTHORIZED REPRESENTATIVE |

© 1988-2010 ACORD CORPORATION. All rights reserved.

ACORD 25 (2010/05)         The ACORD name and logo are registered marks of ACORD



DEFENDANT'S EXHIBIT

ACH000385

**J. JEFFERY RICH**
ATTORNEY AT LAW
(256) 518-3657
jrich@strote.com

S I R O T E
—— & ——
P E R M U T T
A PROFESSIONAL CORPORATION

January 5, 2011

Sheriff Mike Hale
c/o Jefferson County Commission
Purchasing Department - Room 830
716 Richard Arrington, Jr. Boulevard
Birmingham, Alabama 35203

Re:   Advanced Correctional Healthcare, Inc.

Dear Sheriff Hale:

I represent Madison County, Alabama, and the Madison County Sheriff. I was asked by Norm Johnson of Advanced Correctional Healthcare, Inc. ("ACH") to write to recommend the services provided by ACH. Based on my experience with ACH, I am confident that ACH can improve the healthcare of the offenders housed in your facility, while controlling the medical costs and providing risk management.

Prior to contracting with ACH in July, 2006, the Madison County Sheriff contracted with a jail medical vendor and later with a physicians' group. Ultimately, the contract with the physicians' group was terminated due, in part, to the lack of liability insurance as contractually required.

ACH was immediately able to provide the required liability insurance and, within the first three months of the contract, ACH saved Madison County substantial money through discounts on off-site medical expenses, while reducing grievances. The medical records backlog from the previous provider was brought under control, and ACH initiated a Continuous Quality Improvement Program to review the Detention Facility's strategic plan. Action plans were put in place to reduce the use of unnecessary drugs and fine-tune the Policies and Procedures, as well as implementing a new and more appropriate staffing matrix.

Dr. Johnson and his staff are professional, knowledgeable and attentive to the needs of the Detention Facility and its detainees. During the Sheriff's partnership with ACH, the Detention Facility has undergone many internal changes, and ACH has always been flexible in its services.

DOCSHSV\199391\1\

LAW OFFICES AND MEDIATION CENTERS
305 CHURCH STREET, SUITE 800    HUNTSVILLE, ALABAMA 35801
POST OFFICE BOX 18248    HUNTSVILLE, ALABAMA 35804-8248
TELEPHONE | 256.536.1711    FAX | 256.518.3681    URL | http://www.strote.com
Birmingham | Huntsville | Mobile



ACH000234

Sheriff Mike Hale
January 5, 2011
Page 2

I recommend the services of ACH without reservation.  If you or your jail medical team has any
questions or concerns, please do not hesitate to contact me at 256.518.3657.

Sincerely,

J. Jeffery Rich
FOR THE FIRM

JJR/cbe

DOCSHSV\199391\1\

ACH000235

MADISON COUNTY COMMISSION
100 NORTH SIDE SQUARE
HUNTSVILLE, ALABAMA 35801

## REQUEST FOR PROPOSALS

PROPOSAL NUMBER: P-2013-04
Madison County Commission will accept proposals for Inmate Healthcare for Madison County Detention Facility.
Proposals will open on Tuesday, October 1, 2013 at 11:00 a.m.
7th Floor, Room 735 -- Madison County Courthouse, Huntsville, Alabama
(See attached specifications)
Current proposals are available on our website at www.madisoncountyal.gov
Each vendor submitting a proposal must complete the Verified Statements Regarding Unauthorized Aliens.

The Madison County Commission will receive sealed proposals until the date and time of proposal opening for item(s) meeting, exceeding, or equivalent to specifications.
The Madison County Commission reserves the right to accept or reject any and all proposals in whole or in part.
Failure to comply with any of the requirements contained in this invitation for proposals may result in the rejection of the entire proposal submitted.
Any attachments hereto become a part of the proposal and will remain in the proposal file.
Brand names used in this invitation for proposals are for comparison purposes only and are not to be construed as indicating any preference. Any items submitted as equivalent to or exceeding specifications must be described in detail.
All proposals must be submitted on this form. No errors will be corrected after proposals are opened. Proposals made out in pencil will NOT be accepted.
No Federal or State taxes are to be included or charged.
It is the intent of the Madison County Commission to allow any business selling the type(s) of merchandise described, to participate in our bidding process. If any prospective vendor feels that any part of these specifications would prohibit their company from submitting a proposal, or has any questions regarding this proposal, you may email the Purchasing Department at sbattle@madisoncountyal.gov prior to the proposal opening date.
Each vendor must possess proper state, county, and city license, certification, or other requirements imposed, for engaging in the type of activity for which proposals are solicited.
Subsequent contracts will not be accepted from a vendor after a proposal has been awarded. Vendors must include their contracts with the Invitation for Proposals form prior to the proposal opening.
Madison County reserves the right to require proof that the products bid are suitable for the purposes for which they are intended. Madison County also reserves the right to cancel a proposal if the products received under the proposal are not suitable for the purposes intended.
F.O.B. Destination, Freight Prepaid and Allowed. F.O.B. term to mean: Title to the goods passes to the agency upon successful inspection and acceptance once received at the delivery destination point and that the supplier will prepay and bear all of the transportation shipping costs.
Vendors must sign and notarize their proposal. Failure to do so may result in rejection of proposal.
Madison County Commission reserves the right to waive any minor informality which is immaterial in nature, negligible, or trivial, and does not affect responsiveness.
SUBMIT PROPOSAL TO: MADISON COUNTY PURCHASING
                100 NORTH SIDE SQUARE
                ROOM 735
                HUNTSVILLE, AL 35801
Vendor must show on envelope the proposal number and opening date.
Each numbered proposal must be in a separate envelope.

All documents submitted to Madison County will be subject to Alabama's Open Records Laws (Code of Alabama, Title 36-12-40 and 41, as last amended). Due to the provisions of the Open Records Laws and the Competitive Proposal Laws (especially Code of Alabama, Title 41-16-24(b)), the Madison County Commission cannot assure any Bidder that any information submitted with the proposal, even though marked "Proprietary" will not be open to public inspection and copying.

Terms of payment_____
I hereby affirm that I have not been in any agreement or collusion among vendors or prospective vendors in restraint of freedom of competition, by agreement to proposal at a fixed price or to refrain from bidding, or otherwise.

THIS PROPOSAL MUST BE NOTARIZED.

Subscribed and sworn to before

me this_____ day of

_____ 20____.

_____
Notary Public

Angela Anderson
Madison County Purchasing Director

Madison County Commission
Awarding Authority

COMPANY NAME: _____

SIGNATURE: _____

PRINT NAME: _____

STREET ADDRESS: _____

CITY: _____ STATE: _____ ZIP CODE: _____

PHONE #: _____ FAX #: _____

EMAIL ADDRESS: _____

FEDERAL ID# _____

DATE: September 3, 2013



DEFENDANT'S
EXHIBIT
67
Rich

ACH000064

MADISON COUNTY PURCHASING
DEPARTMENT
100 North Side Square, Room 728
Huntsville, AL 35801

## PROPOSAL SUBMISSION CHECKLIST
Proposal #P-2013-04
Proposal Due Date: October 1, 2013

| √ | (Please check all completed items) |
|---|---|
| | Signed, notarized and returned the Illegal Affidavit Forms with bid |
| | Completed IFB Form, signed and notarized |
| | Filled in all blanks within the specifications |
| | Included bid bond, if applicable |
| | *Included performance bond, if applicable |
| | Included all requested information in bid package |
| | Certifications/Licenses/Permits, if applicable |
| | Certificate of Insurance(s), if applicable |
| | Acknowledged the Addenda, if applicable |
| | Put bid number, company name and address on the outside of the envelope(s) |
| | Sealed bid response |
| | Cost Sheet on CD, if applicable |
| | Read specifications thoroughly |
| | |
| | |
| | |

*All Public Works bids must include a
Performance Bond. Once the bid is
awarded a payment bond is expected
within 15 days after bid award, this is
mandatory under state regulations.



DEFENDANT'S
EXHIBIT
68
Rich

ACH000058

HAND 🏛 ARENDALL llc ▪ LAWYERS

F. Lane Finch, Jr.
Direct Dial (205) 502-0197
lfinch@handarendall.com

1200 PARK PLACE TOWER ▪ 2001 PARK PLACE NORTH ✕ BIRMINGHAM, ALABAMA 35203
(205) 324-4400 ▪ Facsimile: (205) 322-1163

October 27, 2014

### CERTIFIED LETTER – RETURN RECEIPT REQUESTED

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
County Attorney
Madison County Commission
100 Northside Square, Suite 700
Huntsville, AL 35801-4820

> Re: *Robert Elliott vs. Advanced Correctional Healthcare, Inc., et al.*
> Insured: Advanced Correctional Healthcare, Inc.
> Date of Loss: 03/12/14
> Claim No.: MM271812
> HA File No.: 28073-216608

Dear Mr. Rich and Mr. Dorning:

I was retained to review coverage by Markel Service, Incorporated, as the claims service manager for Essex Insurance Company. Essex Insurance provides Locum Tenens and Contract Staffing Professional Liability Insurance for Advanced Correctional Healthcare, Inc.

I reviewed whether there is coverage under the Policy discussed below for Madison County, Alabama and Blake Dorning in connection with the wrongful death complaint filed by Robert Elliott as the personal representative of the Estate of Nikki Listau in the United States District Court for the Northern District of Alabama (Civil Action No.: 5:14-cv-01309-CLS) (the "Claim").

### THE POLICY

Essex Insurance issued Locum Tenens and Contract Staffing Professional Liability Insurance, policy number MM-823662, to Advanced Correctional Healthcare, Inc. (the



ACH000412

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
October 27, 2014
Page 2
_____/

"Named Insured")[1] on a claims made basis for the period of August 1, 2013, to August 1, 2014. The limit for Coverage A. Individual Professional Liability is: $1,000,000 for each Claim; $3,000,000 aggregate. The limit for Coverage B. Organization Liability is: $1,000,000 for each Claim; $3,000,000 aggregate. The single patient limit for Coverage A., Coverage B. or both Coverage A. and B. combined is $1,000,000. The Coverage Part Aggregate is $15,000,000.

<u>THE CLAIM</u>

The Complaint alleges Nikki Listau was a detainee at the Madison County Jail. At the time she was admitted to the jail, she was in severe medical distress and suffering from alcohol withdrawal. Jail records show that 24 hours after she was arrested, she was found unresponsive in her cell. She never recovered and was pronounced dead at the hospital. She suffered injuries, such as severe blunt force trauma, at an unknown time. She died as a result of these injuries according to the autopsy.

Paragraph one of the complaint states the "defendants were deliberately indifferent to Listau's medical needs in violation of her rights as a pretrial detainee under the 14th Amendment to the United States Constitution. She also brings state law claims against the healthcare defendants." Paragraph two states this action "arises under the Fourteenth Amendment ..., 42 U.S.C. Sec. 1983, and Title II of the Americans with Disabilities Act ...." The defendants include Madison County and its Sheriff (Blake Dorning) and Jail Administrator (Steve Morrison) and ACH and its physician Arthur M. Williams, M.D.

The complaint alleges at paragraphs 56 through 69 that Madison County, Sheriff Dorning, Mr. Morrison, Dr. Williams, and ACH breached their duties to inmates to provide appropriate medical treatment. It also alleges those five defendants were, in essence, conspirators in a plan to delay or deny necessary medical care to inmates. Their actions were allegedly harmful to the health of inmates and caused inmates to experience unnecessary pain and suffering.

Defendants Madison County and Sheriff Dorning delegated final policy making authority regarding inmate medical care to ACH. Madison County and Sheriff Dorning are, therefore, responsible for the ACH decisions. ACH acted through Dr. Williams. *See,* paras. 70-72.

_____

[1] Arthur M. Williams, M.D. is a Named Insured for Coverage A.

ACH000413

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
October 27, 2014
Page 3
_____/

The theme of the complaint is summed up in para. 62, which states "these constitutionally-deficient policies and practices regarding inmate medical care were created and implemented by the agreement between Madison County, Dorning, and ACH." Para. 74 alleges, "All defendants acted jointly and in concert with each other."

However, the complaint also alleges claims against Madison County and Sheriff Dorning based on their own actions. *See, e.g.,* paras 55-60, 73, and 80.

Count I is styled "42 U.S.C. § 1983 - Deliberate Indifference to Serious Medical Needs." It alleges the defendants "deprived Listau of her rights as a pretrial detainee under the 14th Amendment ... in violation of 42 U.S.C. § 1983." Para. 78; *see also,* para. 79 (defendants "deprived Listau of her rights as a pretrial detainee under the 14th Amendment ... in violation of 42 U.S.C. § 1983." Para. 81 asserts the County and Sheriff Dorning are liable for the acts of ACH as the County delegated final policymaking authority to ACH.

Count II is a general negligence/wantonness claim against the ACH defendants. The individual ACH defendants breached their duty to Listau to "meet the standard of care applicable to inmates and/or to make sure those under their supervision were trained adequately regarding the proper care of such inmates and that adequate policies and procedures regarding the proper care of such inmates were in place." Para. 83. "These defendants negligently and/or wantonly violated this standard of care or caused it to be violated with the foreseeable result that Listau suffered unnecessary pain and suffering and died." *Id.*

## COVERAGE ANALYSIS

### Applicable Terms of Policy

I did not set forth the entire policy here, and you should read the entire Policy. I call your attention to the following pertinent provisions of the Policy:

**INSURING AGREEMENT**

A. Professional Liability and Claims Made Clause: The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in the Declarations, which the Insured shall become legally obligated to pay as Damages as a

ACH000414

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
October 27, 2014
Page 4

result of Claims first made against the Insured during the Policy Period or during the Extended Reporting Period, if exercised, and reported to the Company pursuant to Section Claims A., Claim Reporting Provision:

1. under Coverage A. Individual Professional Liability: because of Malpractice or Professional Personal Injury, sustained by a patient and committed by the Coverage A. Insured, or by any person for whose Malpractice or Professional Personal Injury the Coverage A. Insured is legally responsible, except as a member, stockholder or partner of an association, corporation, partnership or limited liability company, arising out of the conduct of the Insured's Medical Services;

2. under Coverage B. Organization Liability: because of Malpractice or Professional Personal Injury, sustained by a patient and committed by any person for whom the Coverage B. Named Insured is legally responsible, arising out of the conduct of the Insured's Professional Healthcare Services;

provided:

a. under Coverage A. Individual Professional Liability: that such Malpractice or Professional Personal Injury happens during the Policy Period or on or after the applicable Retroactive Date stated in the Declarations and before the end of the Policy Period; and

b. under Coverage B. Organization Liability: that such Professional Healthcare Services or Professional Personal Injury happens during the Policy Period or on or after the applicable Retroactive Date stated in the Declarations and before the end of the Policy Period; and

c. prior to the effective date of this policy the Coverage A. and Coverage B. Insureds had no knowledge of such Malpractice, Professional Healthcare Services or

ACH000415

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
October 27, 2014
Page 5

Professional Personal Injury or any fact, circumstance, situation or incident which may lead a reasonable person in that Insured's position to conclude that a Claim was likely.

**DEFINITIONS**

....

J.  Professional Personal Injury means:

1.  any bodily injury, mental injury, sickness, disease, emotional distress or mental anguish, including death resulting therefrom of any patient, arising out of Malpractice;

....

....

**THE EXCLUSIONS**

This insurance does not apply to:

A.  any Malpractice, Professional Healthcare Services or Professional Personal Injury committed in violation of any law or ordinance;

B.  any Claim based upon or arising out of any dishonest, fraudulent, criminal, malicious, knowingly, wrongful, deliberate, or intentional acts, errors or omissions committed by or at the direction of the Insured;

....

I.  any Claim based upon or arising out of the liability of others assumed by the Insured under any contract or agreement, unless such liability would have attached to the Insured even in the absence of such contract or agreement;

MELT 0001 07 11, pages 1-5.

ACH000416

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
October 27, 2014
Page 6
_____/

\*\*\*\*\*

Endorsement No. 6 adds additional insured coverage:

**ADDITIONAL INSURED ENDORSEMENT- PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the following:

LOCUM TENENS AND CONTRACT STAFFING PROFESSIONAL LIABILITY INSURANCE COVERAGE

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended as

follows:

1. Section The Insured is amended by the addition of the following:

   Whenever used in this Policy, the unqualified word Insured shall also mean Additional Insured.

2. Additional Insured means, whenever used in this endorsement, the following:

   State, Municipal Department of Corrections, Office of the Sheriff, or other Officials to whom the Coverage B. Named Insured is obligated by valid written contract to provide coverage as an additional insured to such person or organization but only as respects liability in rendering Professional Services caused by the negligence of the Named Insured and only for coverage not otherwise excluded in the policy.

   ....

6. The Additional Insured and the Coverage B Named Insured shall be represented by the same lawyer unless such mutual

ACH000417

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
October 27, 2014
Page 7
_____/

representation is prohibited by law or by any applicable professional code of conduct

7. This insurance shall be excess and non-contributory insurance over any other insurance afforded to the Additional Insured

The above citations to the Policy are not intended to change or modify the terms of the Policy, all of which are applicable to the Claim.

### DEFENSE UNDER RESERVATION OF RIGHTS

The complaint includes allegations that Madison County and Sheriff Dorning are liable for the negligence of ACH and/or Dr. Williams in rendering Professional Services. There are also independent allegations against Madison County and Sheriff Dorning based on its or his own conduct.

The Complaint alleges Madison County and Sheriff Dorning are liable, in part, based on the medical services of ACH and Dr. Williams. More specifically, it alleges at paras. 71 and 81 that Madison County and Sheriff Dorning are liable for the decisions of ACH and the acts of ACH and Dr. Williams in rendering Professional Services. Madison County and Sheriff Dorning are additional insureds as to those claims. Their coverage is limited to Claims or Claim Expenses "arising from Professional Services rendered by [ACH or Dr. Williams]."

Further, the coverage for Madison County and Sheriff Dorning is excess and non-contributory over any other insurance afforded to them, as stated in Endorsement No. 6. Further, the Common Policy Conditions state:

> This insurance shall be in excess of the applicable Deductible stated in the Declarations and any other valid and collectible insurance available to the Insured whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other insurance is written only as a specific excess insurance over the Limits of Liability provided in this policy. Additional Insured

MELT 2200 07 11, page 1.

ACH000418

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
October 27, 2014
Page 8
_____/

Some of those allegations are not covered or are excluded from coverage under the Policy.  Essex Insurance will nonetheless defend Madison County and Sheriff Dorning in this matter at this time subject to a full and complete reservation of any and all rights, including but not limited to the right to withdraw from providing the defense, the right to seek reimbursement of defense costs paid by Essex Insurance, the right to file a declaratory relief action to determine coverage, and the right to deny any obligation to pay any judgment or settlement.

Essex Insurance appointed attorney Trey Ireland to defend you.  His contact information is:

Horace Cecil Ireland, III
PORTFIELD HARPER MILLS MOTLOW & IRELAND, PA
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242
(205)980-5000
(205)980-5001 (fax)
Ireland@phm-law.com

Mr. Ireland will be in contact with you in the near future.

While a defense is being provided to you in this matter pursuant to the terms of the Policy, it is to be expressly understood that Essex Insurance is responsible only according to the terms, limits, and conditions of its Policy.

<u>NON-WAIVER</u>

The defense provided to Madison County and Sheriff Dorning is under a reservation of rights because there are non-covered claims asserted in the Claim, there are potential policy defenses, and the Policy may be excess of other insurance.

Essex Insurance does not waive or forfeit any rights that it holds. There may be other circumstances and facts that may preclude coverage. There may be other applicable policy provisions, conditions, terms and exclusions that preclude coverage. Neither this letter, nor Essex Insurance's participation in the defense of Madison County and Sheriff Dorning under a reservation of rights, nor any other action taken by Essex Insurance should be construed as a waiver of any rights held by Essex Insurance

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
October 27, 2014
Page 9

under any policy of insurance or otherwise.  Essex Insurance expressly reserves all rights.

### RIGHT TO REIMBURSEMENT

Essex Insurance specifically reserves its right to reimbursement of defense costs allocable to non-covered claims to the extent allowed by applicable by law.

### POLICY LIMITS

The damages outlined in the Claim are not specific and therefore represent a potential for an exposure in excess of the $1,000,000 per claim limit in the Policy.  If Madison County or Sheriff Dorning has other insurance available, it or he should immediately notify those insurance companies of the Claim.  If there is no additional insurance, and should a judgment be rendered in excess of the policy limits, then Madison County and Sheriff Dorning would be responsible for the excess judgment.  In the event that none of the damages are covered, then Madison County and Sheriff Dorning could be responsible for the entirety of the judgment.  for those reasons, we recommend that you seek the advice of independent counsel.

### CONCLUSION

Essex Insurance will defend Madison County and Sheriff Dorning but it reserves the right to assert at a later time any and all coverage defenses that are appropriate.

The Policy does not afford coverage for certain acts or omissions of Madison County and Sheriff Dorning as stated in the Policy.  Essex Insurance will not indemnify Madison County and Sheriff Dorning as to non-covered claims.  Madison County and Sheriff Dorning must act on its own behalf to protect its interests as to all non-covered claims.

Essex Insurance may file a declaratory judgment action to determine its duties and obligations under the Policy or may intervene into the above-referenced lawsuit for the propose of resolving what insurance coverage obligations Essex Insurance has, if any.

ACH000420

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
October 27, 2014
Page 10

_____/

The foregoing may not be all of the coverage defenses available and Essex Insurance reserves its right to assert possible additional coverage defenses as it become appropriate.

If you believe that our understanding of the facts is in error or the Policy is being misapplied in reaching our conclusion, please let us know promptly so that we can address such issues. If you have any additional information concerning the Claim, the please forward this information to us as soon as possible so that consideration can be given to it.

I suggest that defense be tendered under any other potentially applicable insurance policy. Please let us know whether another insurance company is defending Madison County and Sheriff Dorning under a reservation of rights or any other limitation. Please send us a copy of any other insurance policy that provides coverage or potential coverage for the Claim.

If you have any questions or comments concerning the insurance coverage available to Madison County and Sheriff Dorning under the Policy, please do not hesitate to contact the undersigned at (205)502-0197.

Sincerely,

F. Lane Finch, Jr.

cc:    Jagady Blue

834594

ACH000421



# MADISON COUNTY COMMISSION

JEFF RICH

*County Attorney*

July 6, 2015

**VIA CERTIFIED MAIL – 7013-2630-0001-2034-2334
and ELECTRONIC MAIL - drj@advancedch.com & jyoung@advancedch.com**

Norman R. Johnson, M.D.
Advanced Correctional Healthcare, Inc.
3922 West Baring Trace
Peoria, Illinois 61615-2500

Re:   **Rodricus Q. Hammonds v. Madison County Sheriff's Department, et al.; In the
Circuit Court for Madison County, Alabama; Case Number CV 2015-53; File
#2015-295**

Dear Dr. Johnson:

The Madison County Commission received the enclosed Complaint which was filed in the
Circuit Court for Madison County, Alabama, by Rodricus Q. Hammonds, complaining of
inadequate medical care while incarcerated in the Madison County Detention Facility. Please
consider this letter notice of demand for indemnification pursuant to Paragraph 6 of the
Healthcare Services Agreement at the Madison County Detention Facility entered into between
Madison County, Alabama, Blake Dorning and Advanced Correctional Healthcare, Inc. In
addition, I request that you provide notice to the insurer referenced in Paragraph 6(B) of the
Agreement.

Sincerely,

Jeff Rich
County Attorney

JJR/cbe
Enclosure

**DEFENDANT'S
EXHIBIT**
76
Rich

100 Northside Square Suite 700 · Huntsville, Alabama 35801-4820
Telephone  256.519.2061 · Facsimile – 256.519.2059 · Email   jrich@madisoncountyal.gov

**Essex 000045**

c:      Sheriff Blake Dorning (via Electronic Mail, w/Attachment)
        Chief Steve Morrison (via Electronic Mail, w/Attachment)
        Honorable Dale W. Strong (via Electronic Mail, w/Attachment)
        Honorable Roger Jones (via Electronic Mail, w/Attachment)
        Honorable Steve Haraway (via Electronic Mail, w/Attachment)
        Honorable Eddie Sisk (via Electronic Mail, w/Attachment)
        Honorable Phil Vandiver (via Electronic Mail, w/Attachment)
        Honorable Phil Riddick (via Electronic Mail, w/Attachment)
        Honorable Bob Harrison (via Electronic Mail, w/Attachment)
        Kevin Jones (via Electronic Mail, w/Attachment)

**Essex 000046**

rec'd 6-30-15   copy for Jeff Rich

IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

Cc: Shoup
Chief Morrison

Radricus Q Hammonds,
Plaintiff.,

V.

Madison County Sheriff Dept.,
Madison County Medical Staff,
R. Authur Williams..,
Defendant.

FILED IN C...
MAY -5 ...
...n Co. AL
Circuit Co...

CIVIL CASE CV15-63
RAH

FILED IN OFFICE
MAY -5 20 5

RECEIVED
JUL 01 2015

## COMPLAINT

In or about the 15th day of Feburary 2014, I Radricus Quadell Hammonds was
incarcerated at the Madison County Metro Jail. I started complaining about me Itching
put In sick call after sick call to see the medical staff Concerning me Itching and Scratchi
was being charged 5.00 per visit and wasnt getting the proper treatment, I went and seen
Authur Williams almost a month later on numerous occassions and he Kept telling me nothing
was wrong with me he gave me some Anti-fungal cream and some steriods that did not work.
Continued to Itch the Itching got so bad to the point where I was Scratching sores on
self. I showed my self Inflicted Scars from Scratching to Nurse Townsend and she housed
the medical unit. I went and seen DR. Authur Williams agin for the fourth time and I
formed him about the outbreak of Scabees In the jail and DR. Authur Williams Ignored me.
was In the medical unit without proper care and I went untreated my medical situation
+ worst. I was picked up by the US. Marshalls on August 21,2014 and booked Into
Morgan County Jail on federal charges they requested me Immediate medical attention

→ over

Essex 000047

ecause the U.S. Marshal's also seen my self inflicted wounds and they also seen how I

is Itching. While being in Federal Custody I recieved treatment for scabies I also was taken

to a Dermatologist in Decatur, Alabama, I went six months in the Madison County Jail untreated

for Scabies and the result of me going untreated has left me with extremly dry skin.

Wherefore, plaintiff, Radricus Q Hammonds, demands

judgement against the Madison County Sheriff Dept., Madison County Medical staff, and

R. Authur Williams., in the Sum of $90,000 Dollars and costs

Radricus Gurdell Hammonds

x

Respectfull Submitted on this 27th day of April, 2015.

Essex 000048

HAND [A] ARENDALL LLC x LAWYERS

**F. Lane Finch, Jr.**
Direct Dial (205) 502-0197
lfinch@handarendal l.com

2001 PARK PLACE NORTH, SUITE 1200 ‹ BIRMINGHAM, ALABAMA 35203
(205) 324-4400 ‹ Facsimile: (205) 322-1163

August 27, 2015

**CERTIFIED LETTER - RETURN RECEIPT REQUESTED**

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
County Attorney
Madison County Commission
100 Northside Square, Suite 700
Huntsville, AL 35801-4820

> Re: *Rodricus Q. Hammonds v. Madison County Sheriff's Department, et al.*
> Insured: Advanced Correctional Healthcare, Inc.
> Date of Loss: February 15, 2014
> Claim No.: MM276455
> HA File No.: 28073-218860

Dear Mr. Rich and Mr. Dorning:

I was retained to review coverage by Markel Service, Incorporated, as the claims service manager for Essex Insurance Company. Essex Insurance provides Locum Tenens and Contract Staffing Professional Liability Insurance for Advanced Correctional Healthcare, Inc.

I reviewed whether there is coverage under the Policy discussed below for Madison County Sheriff's Department in connection with the complaint filed by Rodricus Hammonds in the Circuit Court of Madison County, Alabama (Civil Action No. 47-CV-2015-000053) (the "Complaint" or "Claim").

Essex Insurance will defend Madison County Sheriff's Department under a reservation of rights, as discussed below.

**THE POLICY**

Essex Insurance issued Locum Tenens and Contract Staffing Professional Liability Insurance, policy number MM-824774, to Advanced Correctional



DEFENDANT'S EXHIBIT
77
Rich
PENGAD 800-631-6989

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
August 27, 2015
Page 2

---

Healthcare, Inc. (the "Named Insured")[1] on a claims made basis for the period of August 1, 2014, to August 1, 2015. The limit for Coverage A. Individual Professional Liability is: $1,000,000 for each Claim; $3,000,000 aggregate. The limit for Coverage B. Organization Liability is: $1,000,000 for each Claim; $3,000,000 aggregate. The single patient limit for Coverage A., Coverage B. or both Coverage A. and B. combined is $1,000,000. The Coverage Part Aggregate is $15,000,000. The Policy is subject to a $100,000 deductible.

## THE CLAIM

The Complaint was filed May 5, 2015. That appears to be Madison County's first notice of the Claim.

The Complaint alleges Rodricus Q. Hammonds was a detainee at the Madison County Jail on or around February 15, 2014. He complained of severe itching and sought medical attention for scabies. He alleges that medical staff (he names in the complaint Dr. Arthur Williams and "Nurse Townsend") provided improper care and patently ignored his complaints. He was released and then arrested by U.S. Marshalls on federal charges and placed in Morgan County Jail around August 21, 2014. In Morgan County Jail, he was immediately provided medical attention for scabies. As a result of going untreated for over 6 months, he has extremely dry skin.

The Complaint seeks judgment against the "Madison County Sheriff's Department," "Madison County Medical Staff," and Dr. Arthur Williams. The *ad damnum* seeks damages of $90,000 plus costs.

## COVERAGE ANALYSIS

### Applicable Terms of Policy

I did not set forth the entire policy here, and you should read the entire Policy. I call your attention to the following pertinent provisions of the Policy:

---

[1] Employed and Contracted Physicians and Allied Healthcare professionals providing Medical Services is the Named Insured for Coverage A.

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
August 27, 2015
Page 3

---

### INSURING AGREEMENT

A. **Professional Liability and Claims Made Clause:** The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in the Declarations, which the Insured shall become legally obligated to pay as Damages as a result of Claims first made against the Insured during the Policy Period or during the Extended Reporting Period, if exercised, and reported to the Company pursuant to Section Claims A., Claim Reporting Provision:

  1. under Coverage A. Individual Professional Liability: because of Malpractice or Professional Personal Injury, sustained by a patient and committed by the Coverage A. Insured, or by any person for whose Malpractice or Professional Personal Injury the Coverage A. Insured is legally responsible, except as a member, stockholder or partner of an association, corporation, partnership or limited liability company, arising out of the conduct of the Insured's Medical Services;

  2. under Coverage B. Organization Liability: because of Malpractice or Professional Personal Injury, sustained by a patient and committed by any person for whom the Coverage B. Named Insured is legally responsible, arising out of the conduct of the Insured's Professional Healthcare Services;

  provided:

  a. under Coverage A. Individual Professional Liability: that such Malpractice or Professional Personal Injury happens during the Policy Period or on or after the applicable Retroactive Date stated in the Declarations and before the end of the Policy Period; and

  b. under Coverage B. Organization Liability: that such Professional Healthcare Services or Professional Personal Injury happens during the Policy Period or on or after the applicable Retroactive Date stated in the Declarations and before the end of the Policy Period; and

  c. prior to the effective date of this policy the Coverage A. and Coverage B. Insureds had no knowledge of such Malpractice, Professional Healthcare Services or Professional Personal Injury or any fact, circumstance, situation or incident which may lead a reasonable person in that Insured's position to conclude that a Claim was likely.

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
August 27, 2015
Page 4

---

### DEFINITIONS

....

G. Malpractice means an act, error or omission in Medical Services rendered or that should have been rendered.

....

J. Professional Personal Injury means:

    1. any bodily injury, mental injury, sickness, disease, emotional distress or mental anguish, including death resulting therefrom of any patient, arising out of Malpractice;

....

MELT 0001 07 11, pages 1-3.

Endorsement No. 17 to Policy MM-824774, effective August 1, 2014, adds additional insured coverage:

### ADDITIONAL INSURED ENDORSEMENT- PROFESSIONAL LIABILITY

This endorsement modifies insurance provided under the following:

LOCUM TENENS AND CONTRACT STAFFING PROFESSIONAL LIABILITY INSURANCE COVERAGE

In consideration of the premium paid, it is hereby understood and agreed that the policy is amended as follows:

1. Section The Insured is amended by the addition of the following:

    Whenever used in this Policy, the unqualified word Insured shall also mean Additional Insured.

2. Additional Insured means, whenever used in this endorsement, the following:

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
August 27, 2015
Page 5

---

State, Municipal Department of Corrections, Office of the Sheriff, or other Officials to whom the Coverage B. Named Insured is obligated by valid written contract to provide coverage as an additional insured to such person or organization but only as respects liability in rendering Professional Services caused by the negligence of the Named Insured and only for coverage not otherwise excluded in the policy.

3. Coverage provided to any Additional Insured as defined herein shall apply solely with respect to any Claim or Claim Expenses arising from Professional Services rendered by the Named Insured specified in Item 1. of the Declarations.

4. Where no coverage shall apply herein for the Coverage A or Coverage B Named Insured, no coverage or defense shall be afforded to the above Additional Insured.

5. Section Defense, Settlements and Claim Expenses is amended by the addition of the following:

6. The Additional Insured and the Coverage B Named Insured shall be represented by the same lawyer unless such mutual representation is prohibited by law or by any applicable professional code of conduct.

....

All other provisions of the policy shall remain unchanged.

Endorsement No. 17, p. 1.

The Policy contains the following "other insurance" clause:

**D. OTHER INSURANCE**

This insurance shall be in excess of the applicable Deductible stated in the Declarations and any other valid and collectible insurance available to the Insured whether such other insurance is stated to be primary, contributory, excess, contingent or otherwise, unless such other

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
August 27, 2015
Page 6

---

insurance is written only as a specific excess insurance over the Limits of
Liability provided in this policy.

Form MELT 2200 07 11, p. 1.

The above citations to the Policy are not intended to change or modify the terms of the
Policy, all of which are applicable to the Claim.

### DEFENSE UNDER RESERVATION OF RIGHTS

The complaint includes allegations that Madison County Sheriff's Department is liable
for the acts or omissions of Dr. Williams or Nurse Townsend in rendering Professional Services.
Essex Insurance will defend you against those claims.

Essex Insurance appointed attorney Trey Ireland to defend you. His contact information
is:

Horace Cecil Ireland, III
Porterfield, Harper, Mills, Motlow & Ireland, PA
22 Inverness Center Parkway, Suite 600
Birmingham, AL 35242
(205) 980-5000

Mr. Ireland will be in contact with you in the near future.

While a defense is being provided to you in this matter pursuant to the terms of the
Policy, it is to be expressly understood that Essex Insurance is responsible only according to the
terms, limits, and conditions of its Policy.

### CONCLUSION

Essex Insurance will defend Madison County Sheriff's Department but it reserves the
right to assert at a later time any and all coverage defenses that are appropriate.

Essex Insurance does not waive or forfeit any rights that it holds. There may be other
circumstances and facts that may preclude coverage. There may be other applicable policy
provisions, conditions, terms and exclusions that preclude coverage. Neither this letter, nor
Essex Insurance's participation in the defense of Madison County Sheriff's Department under a
reservation of rights, nor any other action taken by Essex Insurance should be construed as a

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
August 27, 2015
Page 7

waiver of any rights held by Essex Insurance under any policy of insurance or otherwise. Essex Insurance expressly reserves all rights.

If you have any questions or comments concerning the insurance coverage available to Madison County Sheriff's Department under the Policy, please do not hesitate to contact the undersigned at (205)502-0197.

Sincerely,

F. Lane Finch, Jr.

FLF/kb/959829

cc: Jennifer L. Topolewski

DOCUMENT 2



ELECTRONICALLY FILED
4/27/2011 4:56 PM
CV-2011-900533.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAMA
JANE C. SMITH, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| **RANDOLPH MOORE and** ) | |
| **ANGELA Y. MOORE** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **Civil Action No.:** |
| ) | |
| **ADVANCE CORRECTIONAL** ) | **JURY TRIAL DEMANDED** |
| **HEALTHCARE, BLAKE DORNING** ) | |
| **in his official capacity as Sheriff of** ) | |
| **Madison County Alabama and** ) | |
| **MADISON COUNTY COMMISSION** ) | |

**Defendants.**

### COMPLAINT

### PARTIES

1.      The Plaintiff, RANDOLPH MOORE, is over the age of nineteen (19)

years and he is a resident of Madison County, Alabama.

2.      The Plaintiff, ANGELA Y. MOORE, is over the age of nineteen (19)

years and she is a resident of Madison County, Alabama.

3.      The Defendant,  BLAKE DORNING, is the Sheriff and chief law

enforcement officer of Madison County, Alabama.

4.      The Defendant, MADISON COUNTY COMMISSION is the governing

body for Madison County Alabama.

5.      The Defendant ADVANCED CORRECTIONAL HEALTHCARE INC.

(hereinafter referred to as "Advanced Correctional") is a foreign company organized

1



DEFENDANT'S
EXHIBIT
79
Rich
PENGAD 800-631-6989

under the laws of the State of Illinois that does business in Alabama and has its principal place of business located at 809 West Detweiller Drive Suite 806, Peoria, Illinois 61615. Its registered agent in Alabama for service of process is CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

## FACTS

6.      On or about April 7, 2010, in Madison County, Alabama Randolph Moore ("Randolph") was jailed in the Madison County Detention Facility.   Within days of Randolph's detention, he was ordered by authorities to give a blood sample.

7.      At a later time Randolph was informed by a deputy sheriff that his blood sample had tested positive for an "STD".   At that time and at other time thereafter, Randolph told the deputy that this report could not be true.

8.      Subsequent to the diagnosis of an "STD", Randolph was ordered to go to the Madison County Health Department to receive treatment for the "STD".

10.     During his STD treatments, Randolph was ordered to telephone his wife, Plaintiff Angela Y. Moore ("Angela"), to explain that he had an STD and she must be treated.

11.     Mrs. Moore began treatment at the Madison County Health Department. She was ordered to take medication for fourteen (14) days.   Soon after taking the medication, Mrs. Moore developed rash/sores and other adverse reactions to the medication.

13.     Mr. Moore was later informed that he been advised that he had an STD in error.

DOCUMENT 2

## COUNT I

## NEGLIGENCE

14.     Plaintiffs incorporate by reference all of the allegations of the preceding paragraphs of this Complaint as if the same were set out fully herein.

15.     Defendants had a duty to use reasonable care in the collection of the Moore blood sample, labeling of the Moore blood sample, transport of the Moore blood sample and reporting of the Moore test results.

16.     Defendants breached their legal duties by negligently collecting, labeling, transporting blood samples and negligently reporting the Moore test results which caused Plaintiffs to sustain physical and emotional injuries.

17.     Defendants' negligent failure to use such reasonable care was the cause-in-fact, and proximate cause, of the aforementioned injuries to Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully demand a judgment against Defendants, jointly and severally, for damages in the amount to be assessed by a jury under the provisions of the laws of this State, together with interest, costs, and such other or further relief to which Plaintiffs may be entitled.

## COUNT II

## WANTONNESS

14.     Plaintiffs incorporate by reference all of the allegations of the preceding paragraphs of this Complaint as if the same were set out fully herein.

15.     Defendants had a duty to use reasonable care in the collection of the Moore blood sample, labeling of the Moore blood sample, transport of the Moore blood sample and reporting of the Moore test results.

20.     Defendants breached that duty, and acted wantonly and with reckless disregard for the safety and health of the Plaintiffs

21.     Defendants' wanton and reckless conduct was a cause-in-fact, and proximate cause, of the misdiagnosis of Plaintiffs and the aforementioned injuries to Plaintiffs.

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs respectfully demand a judgment against Defendants, jointly and severally, for damages in the amount to be assessed by a jury under the provisions of the laws of this State, together with interest, costs, and such other or further relief to which Plaintiffs may be entitled.

## COUNT III

## ALABAMA MEDICAL LIABILITY ACT

22.     The Plaintiff adopts and incorporates by reference all of the allegations of preceding paragraphs of this Complaint as if the same were set out fully herein.

23.     Defendants are "health care providers" within the meaning of the Alabama Medical Liability Act of 1987, § 6-5-542 et seq. of the Code of Alabama (1975).

24.     In treating Plaintiffs, the Defendants, including any individuals who were acting as employees or agents of any of the Defendants at relevant times, had a duty to exercise such reasonable care, skill, and diligence as other similarly situated healthcare providers in the same in the same general line of practice ordinarily have and exercise under similar circumstances.

4

25.    Defendants negligently and/or wantonly breached the standard of care owed to Plaintiffs by failing to comply with the applicable standard of care.

27.    The Defendant's breaches of the standard of care as described above each proximately caused the physical injury to Plaintiffs along with causing them considerable pain and suffering, mental anguish, loss of enjoyment of life, and consequential and incidental damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs respectfully demands a judgment against the Defendants, jointly and severally, for damages in the amount to be assessed by a jury under the provisions of the laws of this State, together with interest, cost, and such other or further relief to which the Plaintiffs may be entitled.

**JURY TRIAL DEMANDED**

Respectfully submitted,

/s/ Gerald C. Brooks
**H. LEWIS GILLIS (GIL011)**
**GERALD C. BROOKS (BRO212)**
**Attorneys for Plaintiffs**

**OF COUNSEL:**

H. Lewis Gillis, Esq.
Gerald C. Brooks, Esq.
**THOMAS, MEANS, GILLIS  & SEAY, P.C.**
3121 Zelda Court
Post Office Drawer 5058
Montgomery, Alabama 36103-5058
Phone: (334) 270-1033 / Facsimile: (334) 260-9396



ELECTRONICALLY FILED
9/12/2011 4:43 PM
CV-2011-900533.00
CIRCUIT COURT OF
MADISON COUNTY, ALABAM.
JANE C. SMITH, CLERK

## IN THE CIRCUIT COURT OF MADISON COUNTY, ALABAMA

| | |
|---|---|
| **RANDOLPH MOORE and**<br>**ANGELA Y. MOORE**<br><br>     **Plaintiffs,**<br><br>**vs.**<br><br>**ADVANCE CORRECTIONAL**<br>**HEALTHCARE, BLAKE DORNING**<br>**And MADISON COUNTY**<br>**COMMISSION**<br><br>     **Defendants.** | **Civil Action No.: 2011-900533**<br><br>**JURY TRIAL DEMANDED** |

### FIRST AMENDED COMPLAINT

### PARTIES

1.     The Plaintiff, RANDOLPH MOORE, is over the age of nineteen (19) years and he is a resident of Madison County, Alabama.

2.     The Plaintiff, ANGELA Y. MOORE, is over the age of nineteen (19) years and she is a resident of Madison County, Alabama.

3.     The Defendant, BLAKE DORNING, is the over the age of (19) years and is a resident of Madison County, Alabama.

4.     The Defendant, MADISON COUNTY COMMISSION is the governing body for Madison County Alabama.

5.     The Defendant ADVANCED CORRECTIONAL HEALTHCARE INC. (hereinafter referred to as "Advanced Correctional") is a foreign company organized under the laws of the State of Illinois that does business in Alabama and has its principal place of business located at 809 West Detweiler Drive Suite 806, Peoria, Illinois 61615.

1



DEFENDANT'S
EXHIBIT
80
Rich

Its registered agent in Alabama for service of process is CT Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

## FACTS

6.     On or about April 7, 2010, in Madison County, Alabama Randolph Moore ("Randolph") was jailed in the Madison County Detention Facility.  Within days of Randolph's detention, he was ordered by authorities to give a blood sample.

7.     At a later time Randolph was informed by the Sheriff's Department that his blood sample had tested positive for an "STD".  At that time and at other times thereafter, Randolph maintained that this report could not be true.

8.     Subsequent to being wrongfully advised that he had contracted an "STD", Randolph was ordered to go to the Madison County Health Department to receive treatment for the "STD".  In ordering and otherwise coercing Mr. Randolph to go the Madison County Health Department, members of the Sheriff's Department, including Blake Dorning, acted beyond their authority and in violation of established rules of the Sheriff's Department and Alabama law.

10.    During his STD treatments, Randolph was ordered to telephone his wife, Plaintiff Angela Y. Moore ("Angela"), to explain that he had an STD and she must be treated.

11.    Mrs. Moore began treatment at the Madison County Health Department. She was ordered to take medication for fourteen (14) days.  Soon after taking the medication, Mrs. Moore developed rash/sores and other adverse reactions to the medication.

13.     Mr. Moore was later informed that he been advised that he had an STD in error.

14.     At all times relevant to these actions, the Sheriff's Department was not properly funded or staffed to properly operate.

15.     The Madison County Commission acted beyond its authority when it failed to provide proper funding for the safe operation of the Sheriff's Department.

## COUNT I

## NEGLIGENCE

16.     Plaintiffs incorporate by reference all of the allegations of the preceding paragraphs of this Complaint as if the same were set out fully herein.

17.     Defendants had a duty to use reasonable care in the collection of the Moore blood sample, labeling of the Moore blood sample, transport of the Moore blood sample and reporting of the Moore test results.  Defendants further had a duty to properly fund and staff the Sheriff's Department.

18.     Defendants breached their legal duties by negligently collecting, labeling, transporting blood samples and negligently reporting the Moore test results which caused Plaintiffs to sustain physical and emotional injuries. Defendants further failed to properly fund and staff the Sheriff's Department.

19.     Defendants' negligent failure to use such reasonable care was the cause-in-fact, and proximate cause, of the aforementioned injuries to Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs respectfully demand a judgment against Defendants, jointly and severally, for damages in the amount to be

assessed by a jury under the provisions of the laws of this State, together with interest, costs, and such other or further relief to which Plaintiffs may be entitled.

## COUNT II

### WANTONNESS

20. Plaintiffs incorporate by reference all of the allegations of the preceding paragraphs of this Complaint as if the same were set out fully herein.

21. Defendants had a duty to use reasonable care in the collection of the Moore blood sample, labeling of the Moore blood sample, transport of the Moore blood sample and reporting of the Moore test results. Defendants further had a duty to properly fund and staff the Sheriff's Department.

22. Defendants breached that duty, and acted willfully, maliciously, wantonly and with reckless disregard for the safety and health of the Plaintiffs

23. Defendants' wanton and reckless conduct was a cause-in-fact, and proximate cause, of the misdiagnosis of Plaintiffs and the aforementioned injuries to Plaintiffs.

**WHEREFORE PREMISES CONSIDERED,** Plaintiffs respectfully demand a judgment against Defendants, jointly and severally, for damages in the amount to be assessed by a jury under the provisions of the laws of this State, together with interest, costs, and such other or further relief to which Plaintiffs may be entitled.

## COUNT III

### ALABAMA MEDICAL LIABILITY ACT

24. The Plaintiff adopts and incorporates by reference all of the allegations of preceding paragraphs of this Complaint as if the same were set out fully herein.

25.     Defendants are "health care providers" within the meaning of the Alabama Medical Liability Act of 1987, § 6-5-542 et seq. of the Code of Alabama (1975).

26.     In treating Plaintiffs, the Defendants, including any individuals who were acting as employees or agents of any of the Defendants at relevant times, had a duty to exercise such reasonable care, skill, and diligence as other similarly situated healthcare providers in the same in the same general line of practice ordinarily have and exercise under similar circumstances.

27.     Defendants negligently and/or wantonly breached the standard of care owed to Plaintiffs by failing to comply with the applicable standard of care.

28.     The Defendant's breaches of the standard of care as described above each proximately caused the physical injury to Plaintiffs along with causing them considerable pain and suffering, mental anguish, loss of enjoyment of life, and consequential and incidental damages.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiffs respectfully demands a judgment against the Defendants, jointly and severally, for damages in the amount to be assessed by a jury under the provisions of the laws of this State, together with interest, cost, and such other or further relief to which the Plaintiffs may be entitled.

**JURY TRIAL DEMANDED**

Respectfully submitted,

/s/ Gerald C. Brooks
**H. LEWIS GILLIS (GIL011)**
**GERALD C. BROOKS (BRO212)**
**Attorneys for Plaintiffs**

**OF COUNSEL:**

H. Lewis Gillis, Esq.
Gerald C. Brooks, Esq.
**THOMAS, MEANS, GILLIS & SEAY, P.C.**
3121 Zelda Court
Post Office Drawer 5058
Montgomery, Alabama 36103-5058
Phone: (334) 270-1033 / Facsimile: (334) 260-9396

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing has been served upon the following by electronically filing with the Clerk of the Court using the ALAFILE system and placing a copy of same in the United States mail, this the 12th day of September, 2011.

H. C. Ireland, III, Esq.
PORTERFILED, HARPER, MILLS & MOTLOW, P.A.
22 Inverness Center Parkway
Suite 600
Birmingham, Alabama  35242-4821

J. Jeffrey Rich, Esq.
SIROTE & PERMUTT, P.C.
305 Church Street
Suite 800
P.O. Box 18284
Huntsville, Alabama  35804-8248

_____
**OF COUNSEL**

**From:** "Jeff Rich" <jrich@madisoncountyal.gov>
**To:** "McConnell, Barbara L." <BMcconnell@OneBeacon.com>
**Cc:** "Jessica Young" <jyoung@advancedch.com>, "Dr Johnson"
<drj@advancedch.com>, "George Royer (GWR@LanierFord.com)"
<GWR@LanierFord.com>, "Chief S. Morrison
(smorrison@madisoncountyal.gov)" <smorrison@madisoncountyal.gov>
**Subject: Listau, Woods and Jefferson insurance and indemnification issues**

Barb, I have attached the ACH contract for your easy reference. The relevant
provisions are found in paragraphs 6(a) and 6(b). Madison County and the Sheriff
have yet to receive a response to their demands for indemnification under
paragraph 6(b). The contractual indemnification issue is separate from the
insurance issue which is dictated by paragraph 6(a) of the agreement. I have
repeatedly asked ACH's insurance counsel about this and gotten no substantive
response to my inquiries or my written demands to ACH. The lack of response is
troubling. Likewise, the response of Essex adjuster concerning the insurance
issues is troubling. First, I believe there has only been correspondence about the
listau case. Neither ACH nor its insurer has responded in writing concerning the
Woods and Jefferson cases. The response to Listau is not consistent with ACH's
contract. The contract clearly says that ACH's insurance is primary. Under
Alabama law, the duty to defend is broader than the duty to indemnify and they
should be paying all of the defense cost in my opinion.

I do not want to create issues in the underlying lawsuits but these issues have
lingered long enough. I am copying Norm Johnson and Jessica Young at ACH on
this email with the hope that we can collectively bring some clarity to these issues
without impacting the existing lawsuits or the bringing about the necessity for
additional lawsuits. I understand the holidays may impede a quick response from
ACH but without more response than has been provided, we will need to take
necessary action to protect the county and the sheriff shortly after the first of the
year. Thanks

From: Jeff Rich
Sent: Monday, December 22, 2014 2:18 PM
To: 'George Royer'
Subject: FW: Claim 0AB092211


From: McConnell, Barbara L. [mailto:BMcconnell@OneBeacon.com]
Sent: Monday, December 22, 2014 10:23 AM
To: Jeff Rich
Subject: RE: Claim 0AB092211

Good Morning Jeff,

I spoke with Essex adjuster Jagady Blue. They are modifying the insurance
policy as it was not their intention to have the policy excess over any other
policy. In addition, he proposes a 50/50 split on indemnity under the Reservation
of Rights which he states will not come into play until a verdict is entered. He
also proposes paying 50% of our defense costs. I'm not sure if he will agree to



**DEFENDANT'S
EXHIBIT**
_81_
Rich

2

pay 100% of indemnity and defense costs but I welcome your thoughts.

Barbara

Barbara McConnell / Examiner / OneBeacon Government Risks
188 Inverness Drive W., Ste 600, Englewood, CO 80112 / Direct: 303.531.3833 /
Toll Free: 866.725.5171 ext 3833 / Fax: 866.235.0646 /
www.onebeacon.com<http://www.onebeacon.com/>

submit claims to
obgrclaims@onebeacongov.com<mailto:obgrclaims@onebeacongov.com>

From: Jeff Rich [mailto:jrich@madisoncountyal.gov]
Sent: Friday, December 19, 2014 10:40 AM
To: McConnell, Barbara L.
Cc: George Royer
Subject: Re: Claim 0AB092211

Thanks

Sent from my iPhone

On Dec 19, 2014, at 11:38 AM, "McConnell, Barbara L."
<BMcconnell@OneBeacon.com<mailto:BMcconnell@OneBeacon.com>> wrote:
Jeff,

Thank you for the update.  I need to return a phone call to Jagady today and I'll
provide you with an update after our conversation.

Barbara McConnell / Examiner / OneBeacon Government Risks
188 Inverness Drive W., Ste 600, Englewood, CO 80112 / Direct: 303.531.3833 /
Toll Free: 866.725.5171 ext 3833 / Fax: 866.235.0646 /
www.onebeacon.com<http://www.onebeacon.com/>

submit claims to
obgrclaims@onebeacongov.com<mailto:obgrclaims@onebeacongov.com>

From: Jeff Rich [mailto:jrich@madisoncountyal.gov]
Sent: Friday, December 19, 2014 10:37 AM
To: McConnell, Barbara L.
Cc: George Royer
Subject: Re: Claim 0AB092211

Barb I have heard nothing.  I understood that you had some communication with
ach's insurer but nothing substantive that I am aware of.  I presume nothing more
has been heard from them.  It may be appropriate to schedule a call with George
Royer to discuss how to proceed.  I don't want to do anything to jeopardize our
defense but would like to aggressively pursue ach they don't live up to thief
agreement.

Sent from my iPhone

3

Evanston 001682

On Dec 19, 2014, at 11:25 AM, "McConnell, Barbara L."
<BMcconnell@OneBeacon.com<mailto:BMcconnell@OneBeacon.com>> wrote:
Hello Jeff,

     RE: Claimants: Whitney Elizabeth Foster

Has the ACH provided a response to your tender?  I have a diary on the claim
today and need to update my claim file.  Thank you very much. Barb

Barbara McConnell / Examiner / OneBeacon Government Risks
188 Inverness Drive W., Ste 600, Englewood, CO 80112 / Direct: 303.531.3833 /
Toll Free: 866.725.5171 ext 3833 / Fax: 866.235.0646 /
www.onebeacon.com<http://www.onebeacon.com/>

submit claims to
obgrclaims@onebeacongov.com<mailto:obgrclaims@onebeacongov.com>

Confidentiality notice:

The information contained in this email message including attachments is
confidential and is intended only for the use of the individual or entity named
above and others who have been specifically authorized to receive it. If you are
not the intended recipient, you are hereby notified that any use, unauthorized
dissemination, distribution, or copying of this communication is strictly
prohibited. If you have received this communication in error, please delete
immediately or if any problems occur with transmission, please notify me
immediately by telephone.

Thank you.
Confidentiality notice:

The information contained in this email message including attachments is
confidential and is intended only for the use of the individual or entity named
above and others who have been specifically authorized to receive it. If you are
not the intended recipient, you are hereby notified that any use, unauthorized
dissemination, distribution, or copying of this communication is strictly
prohibited. If you have received this communication in error, please delete
immediately or if any problems occur with transmission, please notify me
immediately by telephone.

Thank you.
Confidentiality notice:

The information contained in this email message including attachments is
confidential and is intended only for the use of the individual or entity named
above and others who have been specifically authorized to receive it. If you are
not the intended recipient, you are hereby notified that any use, unauthorized
dissemination, distribution, or copying of this communication is strictly
prohibited. If you have received this communication in error, please delete

4

Evanston 001683

immediately or if any problems occur with transmission, please notify me immediately by telephone.

Thank you.

USERS: Click here to report this email as spam.No further action is required.

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. This message contains confidential information and is intended only for the individual named. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

5

Evanston 001684

HAND  ARENDALL LLC LAWYERS

F. Lane Finch, Jr.

Direct Dial (205) 502-0197
Direct Fax (205) 397-1309
lfinch@handarendall.com

2001 PARK PLACE NORTH, SUITE 1200    BIRMINGHAM, ALABAMA 35203
(205) 324-4400    Facsimile (205) 322-1163

### VIA FEDERAL EXPRESS DELIVERY

January 15, 2015

Madison County, Alabama
Blake Dorning
c/o Jeff Rich
County Attorney
Madison County Commission
1100 Northside Square, Suite 700
Huntsville, AL 35801-4820

Re:    *Robert Elliott vs. Advanced Correctional Healthcare, Inc., et al.*
    Insured:  Advanced Correctional Healthcare, Inc.
    Date of Loss: 03/12/14
    Claim No.:  MM271812
    HA File No.:  28073-216608

    *Tanyatta Woods vs. Advanced Correctional Healthcare, Inc., et al.*
    Insured:  Advanced Correctional Healthcare, Inc.
    Date of Loss: 08/21/13
    Claim No.:  MM271812
    HA File No.:  28073-216608

    *Carolyn Jefferson v. Advanced Correctional Healthcare, Inc., et al.*
    Insured:  Advanced Correctional Healthcare, Inc.
    Date of Loss: 10/31/13
    Claim No.:  MM271812
    HA File No.:  28073-216608

Dear Mr. Rich and Mr. Dorning:

As you know from my prior letter to you dated October 27, 2014, I was retained to review coverage by Markel Service, Incorporated ("Markel"), as the claims service manager for Essex Insurance Company. Essex Insurance provides Locum Tenens and Contract Staffing Professional Liability Insurance for Advanced Correctional Healthcare, Inc.

DEFENDANT'S
EXHIBIT
82
Rich
PENGAD 800-631-6989

OBILE  ▪  BIRMINGHAM  ▪  ATHENS  ▪  FAIRHOPE

**Essex 000027**

Madison County
Blake Dorning
January 15, 2015
Page 2                                    /

I reviewed whether there is coverage under the Policy discussed below for Madison County, Alabama and Blake Dorning in connection with the wrongful death complaints filed by (1) Robert Elliott as the personal representative of the Estate of Nikki Listau in the United States District Court for the Northern District of Alabama (Civil Action No.: 5:14-cv-01309-CLS); (2) Tanyatta Woods in the United States District Court for the Northern District of Alabama (Civil Action No.: 5:14-cv-01964-IRJ) and (3) Carolyn Jefferson in the United States District Court for the Northern District of Alabama (Civil Action No.: 5:14-cv-01959-AKK) (the "Claims").

## THE POLICY

Essex Insurance issued Locum Tenens and Contract Staffing Professional Liability Insurance, policy number MM-823662, to Advanced Correctional Healthcare, Inc. (the "Named Insured")[1] on a claims made basis for the period of August 1, 2013, to August 1, 2014.  The limit for Coverage A. Individual Professional Liability is: $1,000,000 for each Claim; $3,000,000 aggregate.  The limit for Coverage B. Organization Liability is: $1,000,000 for each Claim; $3,000,000 aggregate.  The single patient limit for Coverage A., Coverage B. or both Coverage A. and B. combined is $1,000,000.  The Coverage Part Aggregate is $15,000,000.

## THE CLAIM

The Complaints allege Nikki Listau, Deundrez Woods and Tanisha Jefferson were detainees at the Madison County Jail and all detainees died as a result of deteriorating medical conditions that went untreated at the Madison County Jail.

The Complaints allege the "defendants were deliberately indifferent to [detainees'] serious medical needs in violation of [their] rights as pretrial detainees under the 14th Amendment to the United States Constitution.  [Detainees] also bring state law claims against the health care defendants."  Paragraph two of the Complaints state this action "arises under the Fourteenth Amendment and 42 U.S.C. § 1983."  The defendants include, among others, Madison County and its Sheriff (Blake Dorning) and Jail Administrator (Steve Morrison) and ACH and its physician Arthur M. Williams, M.D.

The Complaints allege that Madison County, Sheriff Dorning, Mr. Morrison, Dr. Williams, and ACH breached their duties to inmates to provide appropriate medical treatment.  It also alleges those five defendants were, in essence, conspirators in a plan to delay or deny necessary medical care to inmates.  Their actions were allegedly

---

[1] Arthur M. Williams, M.D. is a Named Insured for Coverage A.

Madison County
Blake Dorning
January 15, 2015
Page 3                    /

harmful to the health of inmates and caused inmates to experience unnecessary pain and suffering.

The Complaints allege defendants Madison County and Sheriff Dorning delegated final policy making authority regarding inmate medical care to ACH. Madison County and Sheriff Dorning are, therefore, responsible for the ACH decisions.

The theme of the Complaints is summed up in paragraph 159 in Elliott's Second Amended Complaint, which states:

> All defendants acted jointly and in concert with each other. Each defendant had the duty and opportunity to protect [detainees], to obtain necessary medical treatment for [detainees] in a timely manner and/or to establish policies and procedures and implement training regarding such treatment, but each defendant failed and refused to perform such duty, thereby proximately causing [detainees'] pain and suffering and eventual death.

(See also, Woods First Amended Complaint ¶ 145 and Jefferson First Amended Complaint ¶ 129). However, the Complaints also allege claims against Madison County and Sheriff Dorning based on their own actions.

Count I is styled "42 U.S.C. § 1983 - Deliberate Indifference to Serious Medical Needs." It alleges the defendants "deprived [detainees] of [their] rights as pretrial detainee[s] under the 14th Amendment … in violation of 42 U.S.C. § 1983." (See, Elliott Second Amended Complaint ¶ 163; Woods First Amended Complaint ¶ 149 and Jefferson First Amended Complaint ¶ 133. The Complaints allege the County and Sheriff Dorning are liable for the acts of ACH as Sheriff Dorning delegated final policymaking authority to ACH.

Count II is a general negligence/wantonness claim against the ACH defendants. The individual ACH defendants breached their duty to detainees to "meet the standard of care applicable to inmates and/or to make sure those under their supervision were trained adequately regarding the proper care of such inmates and that adequate policies and procedures regarding the proper care of such inmates were in place." (See, Elliott Second Amended Complaint ¶ 168; Woods First Amended Complaint, ¶ 154; and Jefferson First Amended Complaint ¶ 138). "These defendants negligently and/or wantonly violated this standard of care or caused it to be violated with the foreseeable result that [detainees] suffered unnecessary pain and suffering and died." (Id.)

Essex 000029

Madison County
Blake Dorning
January 15, 2015
Page 4                    /

## COVERAGE ANALYSIS

### Applicable Terms of Policy

I did not set forth the entire policy here, and you should read the entire Policy. I call your attention to the following pertinent provisions of the Policy:

### INSURING AGREEMENT

A. Professional Liability and Claims Made Clause: The Company shall pay on behalf of the Insured all sums in excess of the Deductible amount stated in the Declarations, which the Insured shall become legally obligated to pay as Damages as a result of Claims first made against the Insured during the Policy Period or during the Extended Reporting Period, if exercised, and reported to the Company pursuant to Section Claims A., Claim Reporting Provision:

1. under Coverage A. Individual Professional Liability: because of Malpractice or Professional Personal Injury, sustained by a patient and committed by the Coverage A. Insured, or by any person for whose Malpractice or Professional Personal Injury the Coverage A. Insured is legally responsible, except as a member, stockholder or partner of an association, corporation, partnership or limited liability company, arising out of the conduct of the Insured's Medical Services;

2. under Coverage B. Organization Liability: because of Malpractice or Professional Personal Injury, sustained by a patient and committed by any person for whom the Coverage B. Named Insured is legally responsible, arising out of the conduct of the Insured's Professional Healthcare Services;

provided:

a. under Coverage A. Individual Professional Liability: that such Malpractice or Professional Personal Injury happens during the Policy Period or on or after the applicable Retroactive Date stated in the Declarations and before the end of the Policy Period; and

Essex 000030

Madison County
Blake Dorning
January 15, 2015
Page 5 _____/

b. under Coverage B. Organization Liability: that such Professional Healthcare Services or Professional Personal Injury happens during the Policy Period or on or after the applicable Retroactive Date stated in the Declarations and before the end of the Policy Period; and

c. prior to the effective date of this policy the Coverage A. and Coverage B. Insureds had no knowledge of such Malpractice, Professional Healthcare Services or Professional Personal Injury or any fact, circumstance, situation or incident which may lead a reasonable person in that Insured's position to conclude that a Claim was likely.

**DEFINITIONS**

....

J. Professional Personal Injury means:

1. any bodily injury, mental injury, sickness, disease, emotional distress or mental anguish, including death resulting therefrom of any patient, arising out of Malpractice;

....

....

**THE EXCLUSIONS**

This insurance does not apply to:

A. any Malpractice, Professional Healthcare Services or Professional Personal Injury committed in violation of any law or ordinance;

B. any Claim based upon or arising out of any dishonest, fraudulent, criminal, malicious, knowingly, wrongful, deliberate, or intentional acts, errors or omissions committed by or at the direction of the Insured;

....

Essex 000031

Madison County
Blake Dorning
January 15, 2015
Page 6                    /

I.    any Claim based upon or arising out of the liability of others
       assumed by the Insured under any contract or agreement,
       unless such liability would have attached to the Insured even in
       the absence of such contract or agreement;

MELT 0001 07 11, pages 1-5.

*****

Endorsement No. 6 adds additional insured coverage:

**ADDITIONAL INSURED ENDORSEMENT- PROFESSIONAL LIABILITY**

This endorsement modifies insurance provided under the
following:

LOCUM TENENS AND CONTRACT STAFFING PROFESSIONAL
LIABILITY INSURANCE COVERAGE

In consideration of the premium paid, it is hereby understood and
agreed that the policy is amended as

follows:

1. Section The Insured is amended by the addition of the
    following:

    Whenever used in this Policy, the unqualified word Insured
    shall also mean Additional Insured.

2. Additional Insured means, whenever used in this endorsement,
    the following:

    State, Municipal Department of Corrections, Office of the
    Sheriff, or other Officials to whom the Coverage B. Named
    Insured is obligated by valid written contract to provide
    coverage as an additional insured to such person or
    organization but only as respects liability in rendering
    Professional Services caused by the negligence of the Named
    Insured and only for coverage not otherwise excluded in the
    policy.

**Essex 000032**

Madison County
Blake Dorning
January 15, 2015
Page 7                    /

    ....

    6. The Additional Insured and the Coverage B Named Insured shall be represented by the same lawyer unless such mutual representation is prohibited by law or by any applicable professional code of conduct

    7. This insurance shall be excess and non-contributory insurance over any other insurance afforded to the Additional Insured

The above citations to the Policy are not intended to change or modify the terms of the Policy, all of which are applicable to the Claim.

### DEFENSE UNDER RESERVATION OF RIGHTS

The Complaints include allegations that Madison County and Sheriff Dorning are liable for the negligence of ACH and/or Dr. Williams in rendering Professional Services. More specifically, the Elliott Second Amended Complaint at paragraphs 152 and 153 (Woods First Amended Complaint at paragraphs 183 and 139 and Jefferson First Amended Complaint at paragraphs 122 and 123) alleges Alabama law vests final policymaking authority for inmate medical care to Sheriff Dorning as a representative of Madison County and Sheriff Dorning delegated final policymaking authority regarding inmate medical care to ACH and, therefore, is liable for ACH decisions. To the extent these allegations allege Professional Services, Madison County and Sheriff Dorning are additional insureds as to those claims.

The three Complaints also make independent allegations against Madison County and Sheriff Dorning based on its or his own conduct that are not covered by the Essex policy. For example, the complaints allege:

- Sheriff Dorning and Jail Administrator Morrison failed and/or refused to address known systemic deficiencies regarding medical care at the Madison County Jail. *E.g.*, Elliott Second Am. Compl. at ¶ 143.

- Sheriff Dorning and Madison County were aware of ACH's business model of placing cost control over inmate health and safety, yet retained ACH as the contractor because it saved the County money. *E.g.*, Elliott Second Am. Compl. at ¶147.

**Essex 000033**